## MRS. M. A. KELLEY ET AL. v. J. C. WARD.

### No. 966. Decided January 17, 1901.

**1. Special Verdict—Immaterial Issues.**

The submission of immaterial issues and special findings thereon can not affect the disposition of the case where the judgment is not in conflict with the findings upon material issues. (P. 294.)

**2. Reformation of Contract—Mutual Mistake—Findings Construed.**

In a proceeding to set aside a judgment taken in pursuance of a written agreement, on the ground that the writing, by mutual mistake, misrepresented the agreement which the parties had made and sought to express, so far as it authorized a personal judgment, a special finding that the parties differed in other particulars in their understanding of the previous oral agreement was not in conflict with the finding that they agreed as to the matter of personal liability, and that the written contract providing for it was made by mutual mistake. (Pp. 295, 296.)

**3. Special Verdict—Facts Not Found.**

Any fact which would support the judgment, and upon which the special verdict is silent, must be "deemed as found by the court" if the evidence would warrant such a finding. Acts 1897, p. 15. (P. 296.)

**4. Reformation of Written Instrument—Mutual Mistake.**

Equity will grant relief against a mistake of both parties, by which, in the effort to reduce the agreement which they had made to writing, they mistake its terms so that the writing does not represent the real contract. (P. 296.)

**5. Same—Failure to Read or Heed Contract.**

Where both parties are mistaken as to the effect of the writing and ignorant of its misstatement of the agreement, the failure of one to understand, through omission to read or give sufficient attention to its contents, can not avail as a defense to the other, equally in fault, against a suit to correct such mistake. (P. 297.)

**6. Judgment—Negligence—Failure to Defend.**

See facts held to support a finding that a defendant in foreclosure proceedings was not guilty of negligence in failing to attend and prevent the entry of a personal judgment against him, it being rendered in pursuance of a contract for disposing of the case which the parties did not understand nor intend to warrant such judgment. (Pp. 294, 295, 297.)

ERROR to the Court of Civil Appeals for the Second District, in an appeal from Clay County.

Ward brought suit against Mrs. Kelley and others to set aside the judgment affirmed in Ward v. Wilson, 92 Texas, 22. He recovered judgment, which was affirmed on appeal by defendants, who thereupon obtained writ of error.

*Templeton & Allen,* for plaintiffs in error.—Upon the verdict as rendered the appellants were entitled to judgment in their favor, and it was error to render judgment against them. Weaver v. Vandervanter, 84 Texas, 691; Nevins v. McKee, 61 Texas, 413; Johnson v. Templeton, 60 Texas, 238; Plummer v. Power, 29 Texas, 14, 15, and authorities there cited; Wilson v. Smith, 43 S. W. Rep., 1086, 1089.

The findings of the jury fail to establish any such fraud, accident, or mistake as will warrant, authorize, or justify the interposition of a court of equity, and upon the verdict as rendered appellants were entitled to

a judgment in their favor. Lott v. Kaiser, 61 Texas, 668, 669; 2 Pom. Eq. Jur., sec. 823.

The fact, if fact it be, that the written agreement was executed by the parties thereto under a mutual mistake as to its contents, will not justify, authorize, or warrant the court in setting aside and canceling the judgment thereafter rendered on such agreement, unless it be further shown that fraud was practiced in the very act of obtaining the judgment, or that it was the result of accident or mistake unaffected by the fraud or negligence of appellee or of his attorney, and that he had a meritorious defense to such action which he was prevented from making by such accident or mistake. See those authorities cited above, and Fears v. Riley, 49 S. W. Rep., 836, 838, and authorities cited; Harn v. Phelps, 65 Texas, 597; Railway v. Haynes, 82 Texas, 448.

· To warrant a court in setting aside and annulling an agreement or contract at the suit of one of the parties thereto upon the ground of mistake of fact, it must appear that such mistake of fact was mutual,—that is, that it was reciprocal and common to and was concurred in by both parties, and in this case the findings of the jury do not show any such mutual mistake. Horan v. Long, 11 Texas, 232; Railway v. Van Alstyne, 56 Texas, 448; Robertson v. Smith, 11 Texas, 217; Royer Wheel Co. v. Miller, 50 S. W. Rep., 62; Neel v. Neel, 26 S. W. Rep., 806; Kennerty v. Phosphate Co., 21 S. C., 226; 53 Am. Rep., 669; Murrel v. Murrel, 49 Am. Dec., 664-666; 15 Am. and Eng. Enc. of Law, 628-632, and note 1, pp. 629, 630.

A written contract duly signed by the parties thereto can not be rescinded on the sole ground that the minds of such parties never met on its terms, but in all such cases the presumption that their minds did meet can only be rebutted by proof of facts indicating fraud. Gibson v. Brown, 24 S. W. Rep., 574, 575.

Where the parties to an agreement with knowledge of its terms have reduced same to writing and the contents of the instrument are known to the parties executing same, equity will not, in the absence of fraud or inequitable conduct of one of the parties, decree a reformation, rescission, or cancellation of such instrument upon the sole ground that one or both of the parties thereto had executed the same under a mistake or misconception of its legal meaning, scope, and effect. Authorities cited under preceding propositions, and see Galveston County v. Gorham, 49 Texas, 303, 304; Kerr on Fraud and Mistake, p. 90; 2 Pom. Eq. Jur., secs. 843, 845, 847, and 851.

To warrant or authorize a court of equity to set aside or rescind a written contract or agreement on the ground of a mistake of law, it must be made to appear that there was either some fraud or inequitable conduct inducing the mistake, or that there was some fiduciary or trust relation between the parties which had been abused to the injury of the complaining parties, or that such party was mistaken as to his existing legal rights, interests or relations, and that such mistake was not due to his

own inattention or carelessness, and in this case no such mistake was shown. 2 Pom. Eq., secs. 848, 849, and see authorities above.

Where the mistake complained of, whether it be one of law or fact, is attributed solely to the inattention or carelessness of the complaining party or his attorney, such party can not invoke the aid of equity to relieve him of the consequence of such inattention or carelessness. Robertson v. Smith, 11 Texas, 217, 218; Railway v. Van Alstyne, 56 Texas, 449; Murrel v. Murrel, 49 Am. Dec., 665, 666; Kennerty v. Phosphate Co., 53 Am. Rep., 672, 673.

The judgment of the trial court as rendered is not supported or warranted by the facts found by the jury, since the verdict of the jury in effect finds that the judgment complained of and sought to be canceled was not obtained by fraud, accident, or acts of M. A. Boone or of her attorneys, and that they were guilty of no negligence in procuring the rendition of said judgment, but that the failure of the said J. C. Ward to appear and prevent the rendition of said judgment by showing that he had a meritorious defense to said action was due to his own fault, negligence, and inattention, and to that of his attorney.

The burden of proof is upon a plaintiff to make out his case, and where the findings of the jury upon material issues are so conflicting as to render the verdict uncertain as to any of the material facts found, no judgment can be rendered thereon in favor of the complaining party. Roberts, Willis & Taylor Co. v. Insurance Co., 48 S. W. Rep., 563; Kesler v. Zimmerschitte, 1 Texas, 57, 58; Railway v. Botts, 55 S. W. Rep., 515.

The evidence shows that the said J. C. Ward, and his attorney, J. H. Cobb, at the time he made and executed the agreement sought to be set aside, knew and understood the terms of such agreement, and that he thereby bound himself absolutely to make that portion of the northeast quarter of section 58, and that portion of the northwest quarter of section 53 of the lands in controversy not bought by him, sell for enough at the foreclosure sale to pay off and discharge that part of the two notes sued on which were charged to be a lien upon said land and that was chargeable against that part of said land not owned by the said J. C. Ward, and the evidence further shows that if the said J. C. Ward and his attorney did not so understand said agreement, such failure to understand and comprehend the terms and effect thereof was due to their own fault and negligence, unmixed with any fault or negligence on the part of these defendants or their attorneys.

The testimony fails to show that said written agreement was executed through any mutual mistake of the parties thereto or of their attorneys as to the contents of such instruments or as to the legal effect thereof, since the testimony shows that said defendant and her attorneys knew and understood the contents of such instruments as well as the legal effect of the language therein used, and that said Ward and his attorneys knew the contents thereof, and that if they failed to comprehend its

legal meaning and effect, such failure was due solely to their own ignorance, neglect, or gross carelessness.

*W. W. Flood* and *A. A. Hughes*, for defendant in error.—When a defendant is not present in court and the plaintiff, by amendment, departs from his original cause of action and sets up a new and independent cause of action, based on new matter, the defendant must have notice of the pleading, and is entitled to his day in court; and a judgment rendered without such, and falsely reciting that defendant is in court, thus preventing its correction on appeal, should be set aside, if the defendant has a meritorious defense to the cause of action set up in the amendment. Morrison v. Walker, 22 Texas, 18; De Walt v. Snow, 25 Texas, 321; Erskine v. Wilson, 27 Texas, 119; McMillan v. Jones, 66 Texas, 102; Barnett v. Caruth, 22 Texas, 173; Heidenheimer v. Loring, 26 S. W. Rep., 100; Mussina v. Moore, 13 Texas, 7.

A judgment will be set aside when defendant can show that he has a meritorious defense to the action which he was prevented from making by fraud, accident, or mistake, or the acts of the other party wholly unmixed with any fault or negligence on his part. Harn v. Phelps, 65 Texas, 592; Plummer v. Power, 29 Texas, 7; Overton v. Blum, 50 Texas, 417; Railway v. Haynes, 82 Texas, 457; Hinzie v. Kempner, 82 Texas, 621; Weaver v. Vandervanter, 84 Texas, 693; Fisk v. Miller, 20 Texas, 578; Smith v. Patrick, 36 S. W. Rep., 762; Lanius v. Shuber, 77 Texas, 27; Pom. Eq. Jur., sec. 878.

A judgment will be set aside at a subsequent term of the court when sufficient matter is shown to entitle party to new trial if applied for at the term in which judgment is rendered, provided applicant show good reasons for not making the motion for new trial at the term in which the judgment was rendered. Spencer v. Kinnard, 12 Texas, 187; Harris v. Musgrave, 72 Texas, 18; Brownson v. Reynolds, 77 Texas, 256; Vardeman v. Edwards, 21 Texas, 740; Goss v. McClaren, 17 Texas, 121; Caperton v. Wanslow, 18 Texas, 125.

A judgment will be reviewed or set aside upon a showing that same is unjust, that the defendant has a meritorious defense, and that the judgment was obtained against him not as a result of his own negligence. Plummer v. Power, 29 Texas, 15; Johnson v. Templeman, 60 Texas, 239; Vardeman v. Edwards, 21 Texas, 740.

While courts will not reform contracts on account of unilateral mistake, because that would be to make it speak the intention of only one of the parties, yet they will rescind executory contracts on the ground that the minds of the parties never met. This will always be done even though one party be entirely innocent and the other negligent, when parties are left in the same situation they were before. Kesler v. Zimmerschitte, 1 Texas, 57; Link v. Page, 72 Texas, 596; Perez v. Everett, 73 Texas, 434; Page v. Higgins, 5 Law. Rep. Ann., 157, and notes; Benson v. Markoe, 33 N. W. Rep., 38; 11 Pom. Eq. Jur., sec. 859; Grymes v. Sanders, 93 U. S., 55; Brown v. Lamphear, 35 Vt., 252;

Pollock on Con., *p. 414; 15 Am. and Eng. Enc. of Law, pp. 631, 625 and notes, p. 647 and notes, pp. 639, 642; Railway v. Hopkins County, 9 S. W. Rep., 497.

The rule is also more favorable as a defense to an executory contract than in seeking to set aside an executed agreement. Pollock on Con., *p. 468, 430, 478; 2 Pom. Eq. Jur., secs. 859-870.

Negligence does not prevent rescission on account of mistakes. Bank v. Bank, 45 Texas, 218; Alston v. Richardson, 51 Texas, 6; 2 Pom. Eq. Jur., sec. 856.

J. H. Cobb was only authorized to write and sign for Ward the agreement he had made, and his authority being limited, he could bind Ward by no other.

In this case we are not forced to the alternative of relying on a unilateral mistake, or the fact that the minds of the parties never met, because the jury have found that all parties were mistaken as to that part of the agreement which bound Ward to pay for the land.

While it is laid down as a general rule, that a simple mistake of a party as to the legal effect of an agreement which he executes, or as to the legal results of an act which he performs, is no ground for relief either defensive or affirmative, yet if, on the other hand, the writing by reason of a misapprehension of the legal effect of the language used in expressing the agreement does not express the real meaning and intention of the parties, the mistake will be corrected. Ramey v. Allison, 64 Texas, 703; Moreland v. Atchison, 19 Texas, 303; Harrell v. De Normandie, 26 Texas, 121; Cobbs v. Coleman, 14 Texas, 594; Lott v. Kaiser, 61 Texas, 669; Pollock on Con., *pp. 403, 406, 407; 2 Pom. Eq. Jur., 845, 846, 847; 15 Am. and Eng. Enc. of Law, 638, 639 and notes, 642, 643, 644; Smith v. Jordan, 97 Am. Dec., 232; Underwood v. Brockman, 29 Am. Dec., 407; Grymes v. Sanders, 93 U. S., 55.

WILLIAMS, ASSOCIATE JUSTICE.—After a judgment of the District Court in favor of the present plaintiff in error, then Mrs. Wilson, against defendant in error had been reformed and rendered by the Court of Civil Appeals and affirmed by this court, as will appear in 43 Southwestern Reporter, 834, and 92 Texas, 22, this action was begun by defendant in error to set aside that judgment and reform the agreement on which it was based so as to free him from the personal liability thus established against him. The grounds upon which this relief was sought were, among others, that the written agreement, by the fraud of the other party to it, or through the mutual mistake of both parties, had been made to embody the provisions making him personally liable for the debt, when such was not the contract as agreed upon; and that by such mistake or fraud, without negligence on his part, he had been prevented from presenting his defense before the rendition of the judgment, which, although it recited that he was present at the trial, was in fact rendered in his absence and without his knowledge.

The cause was submitted to the jury upon special issues requested by the parties, to which answers were returned, on which the court gave judgment for the plaintiff, granting the relief sought. The Court of Civil Appeals, on appeal, affirmed this judgment, and the case is before us on writ of error from the judgment of affirmance.

The material questions raised relate to the admission of testimony, and the sufficiency of the evidence and of the special verdict to authorize the judgment. There are many assignments of error complaining of the submission of particular issues as immaterial, but these can not affect the disposition of the case, inasmuch as the finding of immaterial facts can not be made ground for reversal, if the judgment is not in conflict with the findings upon material issues. The agreement upon which ·the judgment sought to be reviewed was based, as well as the history of the suit in which it was made and filed, will be found in the two reports before referred to.

Upon the trial of the present case, it was developed that the judgment was rendered in the absence of Ward, the present plaintiff, and without any notice to him, other than the agreement itself gave, of a purpose to set it up and ask judgment upon it. As an explanation of his failure to watch the progress and disposition of the former suit, there was evidence tending to establish the following facts, about many of which, however, the testimony sharply conflicted: That prior to the making of the agreement there was no claim that Ward was personally liable to Mrs. Wilson, the plaintiff in the former suit, for the purchase money of the land therein sought to be recovered, since he only claimed a part of such land through mesne conveyances from vendees of the maker of the note sued on to whom Mrs. Wilson had originally sold, and was made a party merely for the purpose of securing a foreclosure of the lien or a recovery of the land for nonpayment of interest according to the original contract of sale; that an oral agreement was made between Ward and Wilson which did not create a personal liability, in any contingency, for any part of the purchase money, but simply provided that the default of other subvendees in the payment of interest should not cause a forfeiture of the original contract of sale, so far as Ward was concerned, but that there should be a foreclosure of the lien as against the holders of other parts of the sections of which Ward held a part for the proportion of the purchase money equitably chargeable against such other parts, and that they should be sold thereunder, and that Ward should have the right to attend the sale and make them bring the amount with which they were chargeable, and in case of there being a balance unpaid, it should constitute a charge upon his land; and that, upon such balance and upon the other part of the purchase money chargeable against his land, he should have the right to continue to pay interest until 1901, the time of the maturity of the principal of the original purchase money notes; or, in case he should not choose to do this, he might reconvey the land. This agreement, according to the evidence most favorable

to plaintiff, was stated by Mrs. Wilson and Ward to their attorneys, and the attorney for Mrs. Wilson undertook to reduce it to writing and produced the instrument in question, by which, as it has been construed, Ward was made personally liable for any balance of the purchase money of the lands of other parties which should not be realized by the sale of their interests in the land.

Ward's attorney was present while the agreement was being prepared and read it over, and Ward himself heard it read; but the jury found, as we construe their verdict, that none of the parties understood the written instrument, at the time of its execution, as binding Ward to pay any part of the purchase money.

The agreement was filed in the pending case, and on the same day the case was continued on written application of other defendants than Ward, which stated that the case as to Ward was settled. The testimony for the present plaintiff tended to show that when this was done, it was announced by the counsel for Mrs. Wilson that the suit as against Ward would be dismissed, and that he went home to another county relying on this and having no reason to believe any judgment would be sought in that action against him. At the next term of the court, Ward having in the meantime concluded not to keep the land, and having so notified Mrs. Wilson, an amended pleading was filed by Mrs. Wilson's attorney in the pending suit, setting up the agreement, alleging its breach and asking judgment upon it, which was rendered as appears from the reports before referred to, and the court adjourned the same day. Ward knew nothing of all this until shortly before he began the former proceedings to review the judgment on writ of error, and shortly after the conclusion of such proceedings, he began this action.

The findings of the jury to which we have above referred are contained in the answers to the fourth and fifth issues submitted at request of defendant, to the effect that Ward and his attorney did not understand the contents of the writing and that the attorney for Mrs. Wilson did not understand its legal effect, taken in connection with the answers to the sixth issue, that all of these parties executed the instrument under a mutual mistake as to its contents, and to the third, which finds that such mistake was "in the part binding Ward to pay out all the two one-fourth sections of land, and for so doing to have the judgment assigned to him."

These, taken together, show that the instrument was signed under a mistake of all the parties to it, none of whom supposed that it imposed any personal liability upon Ward to pay the debt, if the land to be sold should not satisfy it. It is urged that the answer of the jury to the fifth issue submitted at the request of the plaintiff shows that the parties did not reach an agreement prior to the execution of the instrument, and hence there could have been no mutual mistake in reducing to writing an agreement made. The substance of the finding referred to is that the parties did not have the same understanding of the parol

agreement in one particular, the difference being "that Ward understood that he was to be allowed to pay his part of the interest and that the default of others on the other part of land was not to affect his land; but other land was 'to be sold, and what it failed to bring in amount to cover the original vendor's lien was to be considered a debt on his land and to be carried the full term of ten years," while Wilson "understood J. C. Ward was to pay full amount of interest on the entire each one-fourth section of land; if not paid, original vendor's lien was due."

This is not a finding that there was a misunderstanding between the parties in their oral agreement as to Ward's assumption of the purchase money, and hence there is no necessary conflict between this finding and those which we have held to assert that neither party understood that there was such an assumption, and that the writing was made to express it through a mistake common to all. We can not say that we regard the verdict as presenting a very reasonable solution of the disputed questions of fact; but that does not give us authority to interfere with findings which have evidence to support them. There was evidence from which the jury could have reached any one of several conclusions, one of which was that there was a mutual mistake of the parties in reducing an agreement to writing. This conclusion was adopted by the jury and has evidence to support it. The case must therefore be decided upon the assumption that the written instrument was made to include the provisions which made Ward liable for the debt by a mistake in which all· of the parties participated.

The jury found that there was no fraud on the part of Mrs. Wilson or her attorney. · Their verdict also excludes the idea that the mistake in the particular just stated was that of Ward alone. While one of the findings indicates that as to one matter the minds of the parties did not meet, others forbid any assumption that there was on either side an understanding of such an undertaking on Ward's part as that upon which the former judgment was based. And if the verdict were silent upon this point, any fact which would support the judgment would have to be "deemed as found by the court," if the evidence would warrant such a finding. Acts 1897, p. 15. So that we need not consider what would be the rights of the parties if the mistake were Ward's alone, or if the parties had not agreed, otherwise than by the writing, as to that term of the contract now in dispute, and Ward, from lack of proper attention, had signed the instrument with these stipulations in it. It may be that under such a state of facts, there being no fraud or deception on the part of the other party, the written contract would be taken as conclusively establishing the true agreement.

But against a mistake of both parties, by which, in the effort to reduce the agreement which they had made to writing, they mistake its terms so that the writing does not represent the real contract, equity will grant relief. Pom. Eq. Jur., sec. 845; Savings Institution v. Burdick, 87 N. Y., 40; Kilmer v. Smith, 77 N. Y., 226; Silbar v. Ryder,

63 Wis., 106; Menomonee County v. Langworthy, 18 Wis., 466; Gammage v. Moore, 42 Texas, 171; Canedy v. Marcy, 13 Gray, 373; Harrell v. De Normandie, 26 Texas, 121; Farley v. Deslonde, 69 Texas, 461.

Where both parties are thus mistaken as to the effect of the writing and ignorant of its misstatement of the agreement, the failure of one to understand, through omission to read or give sufficient attention to its contents, can not avail as a defense to the other, equally in fault, against a suit to correct such mistake. Referring to this subject, the Court of Appeals of New York, in the first case above cited, says: "Indeed, in most of the cases to be found in the books, where relief has been sought against written instruments on the ground of fraud and mistake, the complaining parties were chargeable with the same kind of negligence which exists in this case, to wit, the omission to read or understand the contents of instruments executed or accepted. It has certainly never been announced as the law in this State that the mere omission to read or know the contents of a written instrument should bar any relief by way of a reformation of the instrument on account of mistake or fraud. It is the general rule that where a written instrument fails to conform to the agreement between the parties in consequence of the mutual mistake of the parties however induced, or the mistake of one party and fraud of the other, a court will reform the instrument so as to make it conform to the actual agreement between the parties." In most of the cases referred to, the provisions of the writings against which relief was sought were quite as plain as those of the instrument here involved.

The mere fact, therefore, that Ward and his attorney failed to understand the writing according to its true legal effect, when the opposite party shared in the error, can not be held by this court as legally precluding him from relief.

The jury found that Ward was guilty of no negligence in not preventing the rendition of the judgment, and we can not hold that there was no evidence to warrant that finding. If his mistake as to the agreement was an excusable one, it is sufficient also to explain his want of further attention to the case. Under an agreement such as he believed the writing to express, no judgment could have been rendered against him for the debt; but, on the other hand, having the right to surrender the land, his surrender of it, which he had signified his willingness and purpose to make, would have ended his connection with it. Nothing new having occurred to call his attention to the character of the agreement really expressed in the writing, there was nothing to suggest to him that such a judgment might be taken upon it, or that any defensive steps on his part were necessary.

After a very careful examination of the case, we have reached the conclusion that no error of law appears in the proceedings, and hence that this court can not interfere with the judgment. The case presents almost wholly issues of fact, with the decision of which, so far as such decision has any evidence to support it, this court has no power to

interfere and, as we have seen, there was evidence tending to show a state of facts, which, when established as they are by the verdict of the jury and the judgments below, entitle defendant in error to the relief granted.

*Affirmed.*