FERRELL v. DELANO et al.

(Court of Civil Appeals of Texas. San Antonio. Feb. 21, 1912.)

1. TRESPASS TO TRY TITLE (§ 45*)—INSTRUCTIONS—VALIDITY—MISTAKE — INTENTION TO CONVEY.

Where, in trespass to try title, plaintiff claimed as innocent purchaser of the grantee of defendant, who alleged fraud and mistake in the execution of the deed, an instruction, directing a finding for defendant if he did not intend to convey the land by the deed, was erroneous, as equitable circumstances justifying the setting aside of the deed must exist.

[Ed. Note.—For other cases, see Trespass to Try Title, Cent. Dig. § 67; Dec. Dig. § 45.*]

2. ADVERSE POSSESSION (§ 58*) — PERMISSIVE POSSESSION—REPUDIATION—NOTICE.

A permissive possession does not ripen into title by adverse possession, unless such possession has been repudiated so as to convey notice of an adverse claim followed by possession thereunder for 10 years.

[Ed. Note.—For other cases, see Adverse Possession, Cent. Dig. §§ 279–281; Dec. Dig. § 58.*]

3. TRESPASS TO TRY TITLE (§ 41*)—TITLE OF PLAINTIFF—EVIDENCE.

A plaintiff, in trespass to try title, who holds a conveyance under a grantor under whom defendant, claiming title by adverse possession, entered into possession by permission, may recover without further proof of title on the failure of defendant to establish title by adverse possession.

[Ed. Note.—For other cases, see Trespass to Try Title, Dec. Dig. § 41.*]

4. DEEDS (§ 69*) — CANCELLATION — MUTUAL MISTAKE.

Where a deed, executed pursuant to an agreement between the parties, did not express the agreement, but the parties believed that it did, the grantor was entitled to a rescission of the deed on the ground of mistake on restoring or offering to restore the consideration received.

[Ed. Note.—For other cases, see Deeds, Cent. Dig. §§ 156–164; Dec. Dig. § 69.*]

Appeal from District Court, Wharton County; Wells Thompson, Judge.

Action by C. W. D. Ferrell against Mrs. H. Delano and others. From a judgment for defendants, plaintiff appeals. Reversed and remanded.

W. S. Strickland, H. A. Cline, G. G. Kelley, and Carothers & Brown, for appellant. John E. Linn and W. L. Hall, for appellees.

JAMES, C. J. Ferrell sued Mrs. Delano and Tracy and Chas. Delano in trespass to try title to lots 2, 3, and 5 in block 54, in or near the town of Lissie, a part of the Ashmore Edwards one-third league; said lot containing in the aggregate 17½ acres. Mrs. Delano and Tracy Delano answered

by plea of not guilty, and ten years' limitations. They alleged for further plea that plaintiff is claiming under a pretended deed of date November 13, 1907, from Mrs. Delano for said lots in consideration of $50; that on and prior to said date there existed a conflict between the south lines of lots 4 and 5 of said block as fenced by defendants, and the north line of state school land south of said lots, then claimed by one John Linderholm; that on November 12, 1907, one Oscar Linderholm, as agent of John Linderholm, explained to Mrs. Delano such conflict as a narrow strip across the south end of lots 4 and 5 and offered her $50 for her release of said strip, which offer she accepted, and an agreement was then made that she should go to Eagle Lake the next day and execute such release to John Linderholm; that, accordingly, she went there and was presented with an instrument and informed by Mr. P. Putney, the officer before whom she was to execute and acknowledge it, that it was an agreement to turn loose or convey said strip in accordance with the agreement made the day before; that she asked the said notary and conveyancer if it would affect the lots 2, 3, and 5, and was assured by him that it would not, and then she executed it by making her mark; that she could not read and understand the instrument, and relied solely upon his representations and statements as to its contents and effect; that the instrument, in fact, was a conveyance to John Linderholm of lots 2, 3, and 5, in controversy herein, and was procured from her by such false representations. She set up further by plea that she is informed and believes, and so avers, that the said conveyancer was ignorant of the field notes and description of the strip of land intended and agreed to be conveyed and was ignorant of the fact, as was defendant, that said deed was written to convey other and different land than that agreed and intended to be conveyed, and that said false statements as to the contents and effect of the instrument were so made ignorantly and by mistake; that she (Mrs. Delano) was equally ignorant of the field nots and description of the conflicting strip to be conveyed and of the fact that the deed purported to convey lots 2, 3, and 5; that by reason of the premises the said deed is not and never was the act and deed of Mrs. Delano and is therefore void; that she has been in actual pedal possession of the said lots, claiming to own the same; and that plaintiff and all other persons have at all times had actual notice of her possession and claim, and of said pleas defendants put themselves on the country. The defendant Chas. Delano, a minor, by guardian ad litem, adopted the said answer and prayed to go hence. There was no prayer by defendants for affirmative relief; the matter of said pleas being pleaded as defenses.

[1] Plaintiff by supplemental petition pleaded innocent purchaser. The charge was as follows: "If you believe, from the evidence, that the defendant Mrs. Delano, claiming to have good and perfect right and title to the land described in plaintiff's petition, has had and held peaceable and adverse possession of the same, cultivating, using, or enjoying the same, for a period of more than 10 years next before the filing of this suit, then the defendant would have title to the same under her plea of 10 years' limitation. And the deed executed by the defendant to John Linderholm, on November 13, 1907, passed the title which she had out of her. And the plaintiff, having bought from Linderholm, is entitled to recover the land, and you should find a verdict for the plaintiff. But if you believe from the evidence defendant has title by limitation, and that the deed of November 13, 1907, was procured from the defendant by fraud and misrepresentation or mistake, and that by said deed the defendant did not intend to convey the land in controversy, and that Linderholm and plaintiff knew this fact, or that, after the execution of said deed, the defendant still continued to hold the possession of said land under fence, the plaintiff would be charged with notice of defendant's claim. And if it was a fact that she did not intend to convey the land by the deed of November 13, 1907, you should find for defendant. But if the possession of the defendant was as a tenant, or by the will and consent of Linderholm, and not adverse to him, she could not claim under the statute of 10 years' limitation."

The legal effect of the deed from Mrs. Delano to Linderholm was to pass any title she had. This effect could not be denied, except upon allegations sufficient in equity to set it aside, and upon prayer for such relief, or for general relief. Here there was no prayer at all in connection with the pleas.

Without passing on the sufficiency of the pleas for want of a prayer for affirmative relief in the absence of exceptions, we are of opinion that that part of the second paragraph of the charge which told the jury to find for defendant if Mrs. Delano did not intend to convey the land by the deed of November 13, 1907, was error. That fact alone was not sufficient of itself to annul the deed. The equitable circumstances enabling her to set it aside must have been found, as well as the want of intention to convey the land. In the form this clause appears in the charge, it was calculated to mislead the jury and cause them to find for defendant on that fact alone.

[2] We find that the testimony of Mrs. Delano establishes clearly the following facts: That her husband originally entered into possession of the lots in question under the T. W. Pierce estate. She testified that the land had been fenced for 22 years. "My husband fenced it. Some man who appoint-

ed my husband agent at New Philadelphia gave him permission to fence. This agent appointed him agent, and he helped him survey all the land and tended to vacant houses, and Mr. Clovis, the agent, represented the Pierce estate, and Clovis told him he could use this same land. I bought lots 1 and 4. I knew where the lines were, and with the consent of this man my husband had charge of the Pierce estate, and he gave my husband permission to fence."

We find no evidence that this permissive possession of defendant, which began in subordination to the title of the Pierce estate, was ever repudiated in such manner as to convey notice of an adverse claim, to the owners of said estate, until within 10 years of the filing of this action. In this condition of the evidence, it should be held that there was no title acquired by limitations against the title of the one under whom the husband went into possession.

[3] It follows, also, that defendants' possession or claim being in subordination to the Pierce title, practically a tenancy, if plaintiff held conveyances from and under the Pierce estate, a common source of title existed, and plaintiff could recover without further proof of title. The oral testimony, which was not objected to, showed such title in plaintiff, upon which he was entitled to recover without regard to the deed from Mrs. Delano and Linderholm. The latter appears to have had such deeds and offered them in evidence, but they were excluded. We therefore sustain the eleventh assignment of error, which complains of the overruling of the motion for new trial as being against the evidence.

As the cause is to be remanded, it is proper that we express ourselves as to certain other questions which will probably be material on another trial.

[4] We are of opinion: (1) That the court did not err in excluding the power of attorney from Ashmore Edwards to Jno. W. Lawrence; (2) that the deed from Ashmore Edwards, purporting to have been executed by his attorney in fact, Jno. W. Lawrence, under the circumstances appearing in this record of assertion of title under it for so long a time, ought to have been admitted, as the existence of the power will be presumed; (3) that the allegations of defendant's pleas, if found to be true, are sufficient to entitle her to a cancellation of the deed from her to Linderholm upon the ground of mistake, for the reason that said deed was executed under an agreement, and if through mistake, misconduct, etc., of the conveyancer, the deed did not express the agreement, Mrs. Delano believing that it did and not being in fault, and the grantee receiving it, it was such mistake as entitled Mrs. Delano to cancel it. Kelley v. Ward, 94 Tex. 296, 297, 60 S. W. 311. But in such proceeding she ought to offer, and be required, to restore the consideration; and her pleading should pray for the appropriate relief. If plaintiff proves title from the sovereignty, or from the Pierce estate, plaintiff should recover these lots, even if the deed from Mrs. Delano to Linderholm should be set aside, unless defendants' plea of limitation should be sustained.

Reversed and remanded.