### TYRRELL–COMBEST REALTY CO. v. MULLEN. (No. 1180.)

(Court of Civil Appeals of Texas. Beaumont. Feb. 3, 1925.)

1. **Specific performance** ⚙114(3)—**Allegation that vendor represented itself as owning property sold stated cause of action for specific performance.**

Allegation that vendor represented itself as owning property sold stated cause of action for specific performance, without directly alleging that vendor owned property.

2. **Specific performance** ⚙114(5) — **Petition not defective because not alleging ownership in vendor, unless lack of ownership appears therein.**

Vendee's petition for specific performance of land contract is not defective because of failure to allege vendor's ownership, unless it shows vendor's inability to perform.

⚙For other cases see same topic and KEY-NUMBER in all Key-Numbered Digests and Indexes

**3. Specific performance ⊚⟳119—That vendor contracting to deliver title and accepting payment was unable to perform held affirmative defense to vendor.**

Vendor, after contracting to deliver title and accepting payment, could not escape duty to specifically perform because vendee failed to prove that vendor was able to perform, inability to perform being matter of defense.

**4. Vendor and purchaser ⊚⟳45—Vendee induced to rely on vendor's good faith was not negligent as matter of law.**

Where corporate vendor induced vendee to rely on its good faith, it could not say as matter of law that vendee was negligent in relying on representations of its agent that contract delivered included all land in vendee's application to purchase.

**5. Reformation of instruments ⊚⟳25—In case of mutual mistake vendee need not show diligence to determine contents of land contract.**

It is not necessary for vendee seeking reformation of land contract because of mutual mistake to show diligence in determining what instrument contained when it was executed by him.

**6. Reformation of instruments ⊚⟳20, 47—Vendee fraudulently induced to believe land contract included all land covered by his application, held entitled to reformation and specific performance.**

If vendor's agent fraudulently induced vendee to believe land contract included all land covered by vendee's application and, contrary to vendor's instructions, failed to disclose changes in contract, vendee was entitled to reformation of contract and specific performance of contract as reformed.

Appeal from District Court, Jefferson County; Geo. C. O'Brien, Judge.

Suit by E. A. Mullen against the Tyrrell-Combest Realty Company. Decree for plaintiff, and defendant appeals. Affirmed.

Crook, Lefler, Cunningham & Murphy, of Beaumont, for appellant.

A. D. Lipscomb, of Beaumont, and Wistner & White, of Port Arthur, for appellee.

WALKER, J. This suit was instituted by appellee to reform a contract, under which appellant had contracted to deliver him a title to lot No. 3 in Griffing Park in the city of Port Arthur, Tex., and for specific performance of such contract after correction.

Appellee pleaded that appellant had represented to him that it owned the land, was able to deliver and would deliver him a good title thereto upon payment of the contract price, together with an abstract showing good title, and would execute to him a warranty deed conveying him the property; that on these representations he made written application to purchase lot No. 3, and certain other property, describing in his application the property he proposed to purchase, but, in executing to him the contract of sale on the application, appellant had omitted one lot 75x75 feet, which he applied for as part of lot No. 3; that he accepted the contract in good faith, believing that it covered the property he had applied for; that appellant represented to him that it was not necessary to go to the expense of employing counsel to examine the contract, as it would protect his interests as fully as he could do it himself; that he was to pay for the property in semimonthly payments; that he made such payments for a few months after accepting his contract, without discovering the error therein, and continued such payments until he had paid some six or seven hundred dollars; that on discovering the error in his contract he asked appellant to correct it, which it refused to do; that he then tendered his semimonthly payments on condition that the mistake be corrected, but such tender was refused, and appellant then canceled his contract and appropriated to itself all payments made; that he then tendered to appellant all the balance due under his contract, on condition that appellant would convey to him all the property he had applied for, and which, in fact, the amount of his tender would pay for; that such tender was refused; that he had entered into possession of the property, and had made improvements thereon under his contract; that the property had greatly increased in value since the execution of the contract.

He prayed that his contract be corrected and reformed so as to comply with his application; that his tender of the balance due under his contract of purchase, which he had renewed in his petition, be accepted; and that appellant be required to execute in his favor "all the undertakings for the advantage of plaintiff that are written in the said contract of sale, and that such title and rights be vested in plaintiff by decree of this court." There was no specific allegation that appellant owned the property and was able to obey an order or decree of specific performance. Appellant answered by general and special demurrers and general denial.

On a trial to the court without a jury, all the allegations in plaintiff's petition were sustained to the satisfaction of the court, and he filed conclusions of law and fact setting forth his findings in detail. On such findings, judgment was entered for appellee for all the relief prayed for.

In addition to sustaining appellee's allegations, the proof showed that on examining appellee's application, appellant refused to allow him the property involved in this suit, to wit, lot 75x75 feet, and executed the contract excluding this lot, and delivered it to its agent for the purpose of delivering the same to appellee, instructing the agent to so inform appellee; that the agent failed to communicate this information to appellee, but

⊚⟳For other cases see same topic and KEY-NUMBER in all Key-Numbered Digests and Indexes

represented to him at the time the contract was, in fact, delivered, that it included all the property applied for, and that lot No. 3 would be 75 feet wide and 450 feet long. The proof further showed that appellee never examined his contract, but relied on the representations of appellant to protect him; that he could have discovered the mistake therein by examining it, or by comparing it with a map or plat of the Griffing Residential Park, which he did not do.

### Opinion.

[1] Appellee's petition was not bad on general demurrer for failing to allege that appellant owned the property and was able to comply with a decree of specific performance. The general intendments of the allegations made, to the effect that it represented itself as owning the property, etc., stated a cause of action for specific performance. Gulf Production Co. v. Bonin (Tex. Civ. App.) 242 S. W. 776; Millers' Indemnity Co. v. Boudreaux (Tex. Civ. App.) 245 S. W. 1025.

[2] But it is not necessary to sustain the petition by such intendments. The rule in this state seems to be that the petition of a vendee for specific performance is not defective because of the failure to allege ownership in the defendant, the vendor, unless it affirmatively appears from the vendee's petition that the vendor is not able to perform. In 36 Cyc. 777, it is said:

"The bill or complaint need not, according to the weight of authority, allege defendant's ability to perform, as his inability is a matter of defense; it is sufficient if it does not appear therefrom that performance is impossible. Some of the cases, however, are to the contrary. The title of the defendant vendor need not be shown, when plaintiff is entitled to a conveyance of whatever interest defendant may have. But where the bill or complaint shows that the vendor has no title, the suit will be dismissed."

The rule is thus stated generally in Blair v. Lowrey (Tex. Civ. App.) 164 S. W. 14:

"The rule is that, when the proof shows that the property contracted for does not belong to the party making the contract, there can be no specific performance decreed."

See, also, Bird v. Lester (Tex. Civ. App.) 166 S. W. 112; Durham v. Breathwit, 57 Tex. Civ. App. 38, 121 S. W. 891; Larrabee v. Bjorkman, 79 Or. 467, 155 P. 975.

[3] Again, appellant says that the judgment against it has no support, because the evidence does not show that it had title and could comply with a decree of specific performance. The evidence did not go beyond the allegations of appellee's petition, but did, in fact, sustain such allegations. No issue of want of title was made by appellant, either by pleading or by proof. Having contracted to deliver title and having accepted payment therefor, it cannot now escape lia-

bility by saying that appellee failed to show that it was in position to comply with its contractual obligations. That was a matter of affirmative defense, which it failed to allege and failed to prove. Having contracted to deliver title under a warranty deed, "it cannot be of importance to appellants whether that title was perfect or imperfect, for the appellee has a right to it, whatever its character may be." Ide v. Leiser, 10 Mont. 17, 24 P. 697, 24 Am. St. Rep. 24.

[4] The court's conclusion that appellee was not guilty of negligence in accepting the contract has support in the record. Appellant had induced him to rely on its good faith and purpose to protect him, and having thus secured his confidence it cannot now say, as a matter of law, that he was guilty of negligence in dealing with it on its own terms and representations.

[5] But the negligence vel non of appellee was not an issue in this case. If the error in the contract be treated as a mutual mistake on the part of appellee and appellant's agent, then, as we said in Wilkins v. Dagle, 265 S. W. 918:

"It is not necessary for the party complaining against the mistake to show that he exercised diligence to determine what the instrument as drawn up contained at the time it was executed by him. Kelley v. Ward, 94 Tex. 296, 60 S. W. 311; Harry v. Hamilton (Tex. Civ. App.) 154 S. W. 637; Littlefield v. Clayton (Tex. Civ. App.) 194 S. W. 197; Edwards v. Railway Co., 54 Tex. Civ. App. 334, 118 S. W. 576; Bank v. Railway Co. (Tex. Civ. App.) 225 S. W. 397."

[6] But if the agent fraudulently induced appellant to rely on his statement that appellant would protect him, and fraudulently concealed from appellee the change that had been made in his contract, and fraudulently refused to communicate to him the instructions that had been given him by appellant through its manager, then the case comes within the rule announced by our Supreme Court in Kelley v. Ward, 94 Tex. 289, 60 S. W. 311, that "where a written instrument fails to conform to the agreement between the parties in consequence of * * * the mistake of one party and fraud of the other, a court will reform the instrument so as to make it conform to the actual agreement between the parties." Now, since the evidence in this case clearly shows, and since the court so found, that the error in appellee's contract was the result of either a mutual mistake between him and appellant's agent with whom he dealt, or mistake on the part of appellee and fraud on the part of appellant's agent, the court correctly reformed the contract and decreed a specific performance of the contract as reformed.

Finding no errors in the record, the judgment of the trial court is in all things affirmed.