**MEDFORD v. KIMMEY et ux. (No. 1564.)***

Court of Civil Appeals of Texas. Beaumont.
July 5, 1927.

Rehearing Denied Sept. 21, 1927.

**1. Reformation of instruments ⬅➡46—Evidence held to make case for jury, in suit to reform timber deed so as to include tie timber only.**

Evidence that timber sale contract included only tie timber, that buyer prepared deed and represented that it granted only tie timber, and that sellers executed and delivered deed in reliance on such representations made case for jury, in suit to reform deed of "all merchantable timber" on land described; failure to read or otherwise exercise care to learn contents of deed before executing it constituting no defense, as matter of law.

**2. Appeal and error ⬅➡1070(2)—Judgment on verdict will not be disturbed, where evidence supports all conclusions necessary to sustain it, though jury's findings are insufficient (Rev. St. 1925, art. 2190).**

Where evidence supports all conclusions necessary to sustain judgment on verdict for plaintiffs, such judgment will not be disturbed on appeal, in view of Rev. St. 1925, art 2190, though facts found by jury are insufficient to support judgment.

**3. Appeal and error ⬅➡730(1)—Assignments of error in refusing special charges held not too general for review, where submitted on appropriate propositions supported by statements from record.**

Assignments of error in refusing to give certain special charges requested by defendant *held* not too general for review, where submitted on appropriate propositions supported by statements from record.

**4. Trial ⬅➡258(1)—Refusal of charges submitted on single sheet constituting one instrument, signed by counsel at end, cannot be reviewed (Rev. St. 1925, art. 2186).**

Under Rev. St. 1925, art. 2186, refusal of special charges, submitted on one sheet of paper constituting one instrument, signed by counsel at end, cannot be reviewed.

**5. Appeal and error ⬅➡525(3)—Refusal of charges cannot be reviewed, unless authenticated by trial judge's official signature (Rev. St. 1925, art. 2188).**

Under Rev. St. 1925, art. 2188, refusal of requested charges cannot be reviewed, unless authenticated by trial judge's official signature; word "refused," not signed by judge, at end of instrument containing them, being insufficient.

**6. Evidence ⬅➡317(4)—Notary's and wife's testimony as to what timber notary and husband told her was to be conveyed held admissible, in suit to reform spouses' deed.**

In suit by husband and wife to reform their deed of all merchantable timber on land described, notary's testimony that he did not read or explain deed to wife, but only told her that husband told him she would understand it, her testimony that she did not read deed, but that notary said that she knew that husband sold his tie timber to defendant, and her further testimony that husband told her that trade involved only tie timber *held* admissible as against exception that it was hearsay.

Appeal from District Court, Angelina County; C. A. Hodges, Judge.

Suit by A. P. Kimmey and wife against G. A. Medford. Judgment for plaintiffs, and defendant appeals. Affirmed.

Guinn & Guinn, of Rusk, and W. S. Poston and C. W. Falvey, both of Lufkin, for appellant.

Mantooth & Denman, of Lufkin, for appellees.

WALKER, J. This suit was instituted by appellees Mr. and Mrs. A. P. Kimmey against appellant G. A. Medford to reform their timber deed to him, which, on its face, granted "all the merchantable timber now standing," etc., upon the land described in the deed. This land was Mrs. Kimmey's separate property. As grounds for the reformation prayed for, appellees alleged that the contract between them and appellant covered only the tie timber; that appellant was to and did prepare the deed, and when presented to them for execution represented that it was prepared according to the terms of the contract and conveyed only the tie timber; that believing and relying on his representations, they executed and delivered him the deed and did not discover the mistake in the property granted until appellant began cutting the merchantable timber other than the tie timber. It is a sufficient statement of appellant's pleadings to say that he pleaded the usual demurrers, general and special denial, and that appellees knew the contents of the deed, or could have known it, in the exercise of ordinary care.

"Did the plaintiffs intend to sell the defendant all the timber on the land?" was the only question submitted to the jury, which was answered in the negative. On this verdict judgment was entered in favor of appellees against appellant reforming the deed so as to grant only the merchantable tie timber. From this judgment appellant has prosecuted his appeal.

[1] By the first, third, and ninth assignment appellant complains of the refusal of his peremptory instruction, the refusal to set aside the verdict as being without support in the evidence, and the rendition of the judgment in appellees' favor on the verdict of the jury. These assignments are without merit. The weight of the evidence sustains the allegations of appellees' petition, clearly raising the issues for the jury that the contract included only the tie timber; that appellant was to and did prepare the deed, and when offered by him to appellees

---

⬅➡For other cases see same topic and KEY-NUMBER in all Key-Numbered Digests and Indexes
*Writ of error dismissed for want of jurisdiction November 30, 1927.

for execution represented that it was prepared according to the contract and granted only the tie timber; that appellees, believing and relying on these representations executed and delivered the deed to appellant. These issues made out a case in appellees' favor which it was the court's duty to submit to the jury. A failure to read the deed or to exercise care in any other particular respect to learn its contents before executing the same did not, on the conclusions above stated, constitute a defense as a matter of law. Kelley v. Ward, 94 Tex. 289, 60 S. W. 311; Wilkins v. Dagle (Tex. Civ. App.) 265 S. W. 918; Tyrrell-Combest Realty Co. v. Mullen (Tex. Civ. App.) 268 S. W. 1013.

In the Kelley Case, it was said:

"Where a written instrument fails to conform to the agreement between the parties in consequence of * * * the mistake of one party and fraud of the other, a court will reform the instrument so as to make it conform to the actual agreement between the parties."

[2] The court did not err in rendering the judgment on the verdict of the jury. If the fact found by the jury was not within itself sufficient to support the judgment, under article 2190, Rev. St. 1925, all issues not submitted and not requested are deemed as found by the court in such manner as to support the judgment, if there is evidence to sustain such findings, and, as already said, the evidence in this case abundantly supports all conclusions necessary to sustain the judgment in appellees' favor.

[3] By the second, fourth, fifth, and sixth assignments appellant complains of the court's refusal to submit certain special charges. Appellees' first exception to these assignments is that they are too general and present nothing for review. Their general form is as follows.

"The court erred in refusing to give special charge No. 2, requested by the defendant."

These assignments are submitted on appropriate propositions supported by statements from the record. On this showing this exception to these assignments is not well taken. It was held by the Supreme Court in Clarendon Land Co. v. McClelland, 86 Tex. 179, 23 S. W. 576, 1100, 22 L. R. A. 105, that an assignment of error is sufficiently specific that points out the particular ruling complained of, and the reasons sustaining the allegations of error find their proper place, quoting the syllabus, "in the propositions, statements, and authorities required to be set forth in the brief, under and in support of the respective assignments." That case was cited by the Commission of Appeals and made the basis of its ruling in Egan v. Lockney Farmers' Co-op. Soc. (Tex. Com. App.) 284 S. W. 937.

[4] However, these charges were subject to the following exceptions urged against them by appellees.

(1) The five special charges forming the basis of appellant's assignments of error were submitted to the court on one sheet of paper, constituting one instrument, not signed separately by counsel, but signed by them at the end of the instrument. In this condition, the charges cannot be reviewed. Article 2186, Revised Statutes 1925; Western Union Tel. Co. v. Johnson, 16 Tex. Civ. App. 546, 41 S. W. 367; White v. Bell (Tex. Civ. App.) 242 S. W. 1082; McBurneet v. Smith (Tex. Civ. App.) 286 S. W. 599.

[5] (2) The refusal of these charges was not authenticated by the trial judge. At the end of the instrument containing the five special charges is the word "refused," but it is not signed by the trial judge, nor is there anything on the paper to show that it was ever presented to him or acted upon by him. The refusal of a requested charge cannot be reviewed unless the refusal is authenticated by the official signature of the trial judge. Article 2188, Revised Statutes 1925; Farmers' & Merchants' State Bank v. Guffey (Tex. Civ. App.) 255 S. W. 462.

[6] By assignments Nos. 7 and 8, appellant complains of the testimony of the notary who took Mrs. Kimmey's acknowledgment to the effect that he did not read or explain the deed to her, but only told her that Mr. Kimmey told him she would understand it. And again, he complains of the testimony of Mrs. Kimmey' to the effect that she did not read the deed, but that the notary, said, "I have a contract here for you to sign; you know what it is," "and I says, 'Mr. Kimmey told me,' and he says, 'You know Mr. Kimmey sold his tie timber to Mr. Medford, and sign your name here.'" She further testified that her husband had told her of the trade with Medford, and that the trade, as explained by him to her, involved only the tie timber. The evidence raised the issue that Medford was present when Kimmey signed the deed; that he heard Kimmey tell the notary to take the deed to Mrs. Kimmey for her signature and acknowledgment; that it was a deed to the tie timber; and that his wife knew he was selling the tie timber to Medford. Under this explanation, this testimony was admissible. Knowing that Kimmey signed the deed on his representation that it granted only the tie timber, and knowing that Kimmey was instructing the notary to take Mrs. Kimmey's acknowledgment to it as a tie timber deed, the statement made to the wife by the notary and her reply to him, under these facts, were admissible, and the testimony of the notary and Mrs. Kimmey was not subject to the exception of being hearsay.

The judgment of the trial court is affirmed.