## CUSTARD v. FLOWERS. (No. 733.)

Court of Civil Appeals of Texas. Waco. Jan. 24, 1929.

Rehearing Denied March 7, 1929.

Tom Whipple and Lem Wray, both of Waxahachie, for plaintiff in error.

Josh H. Groce, of San Antonio, for defendant in error.

STANFORD, J. This suit was by Henry Flowers against Josie Custard to reform and correct the description of certain lots as described in a partition deed, so as to make such description conform to the description mutually intended by the parties when they executed said deed. The case was tried before the court without a jury, and judgment rendered for defendant in error reforming the description in said deed. Plaintiff in error has appealed, and presents the record here for review. The facts of the case will appear more fully from the findings of fact by the trial court hereafter stated. There is no statement in the record.

Under her first proposition, plaintiff in error, Josie Custard, contends: The mistake, if any, was unilateral, and was caused by Henry Flowers or his attorney, and, no element of fraud being alleged, neither law nor equity will relieve against the deed in writing duly executed. Under her second proposition, plaintiff in error contends: Defendant in error, having had knowledge of the lots involved as original purchaser, custody

of deeds, and complete charge of the preparation of the deed which he seeks to reform, failed to use due diligence to prevent the unilateral mistake, if any, in which plaintiff in error had neither part nor knowledge, and neither law nor equity will relieve against his deed in writing duly executed. The court found that Henry Flowers and his' wife owned four houses and lots in Waxahachie, and, at the time of the wife's death in 1925, she left surviving her two children, Josie Custard and Monroe Howell. During the year 1926, Henry Flowers and the two children of his deceased wife undertook to partition the four houses and lots above mentioned by the execution of a partition deed; so they agreed upon three men to appraise the property as a basis for partition thereof. Said committee appraised the property, and in its report described the property in block No. 176 substantially as follows: "A four-room house two doors from the Holy Roller Church, valued at $1,100.00, and the house next to it valued at $1,000.00."

By the partition agreement reached, Henry Flowers was to take two houses and lots, and Josie Custard and her brother two houses and lots. Of the two houses and lots in block 176, and which were adjoining, Henry Flowers was to get No. 3 and Josie Custard and her brother were' to get No. 4. After said agreement, the attorney for Henry Flowers went upon the ground and looked at the property, and drew a partition deed, which was executed by all three parties at interest. As to the property in block No. 176, which consisted of lots Nos. 3 and 4, one of these lots as platted on the map is 60 feet wide and the other is 50 feet wide. In 1901 Henry Flowers built a fence lengthwise of this property so as to make the fence cross a well. This fence was between the two houses on the property, but was some 10 feet from, and about parallel with, the line between the two lots. This fence was standing when the committee of appraisers viewed the property for the purpose of valuing it, and they considered said fence as the line between the land belonging to the two houses on the property. Neither Henry Flowers nor Josie Custard or her brother, Monroe Howell, gave any particular thought to the location of the line between the two lots at the time of the partition. When Mr. Groce (attorney for Henry Flowers) drew the partition deed, he described the property as lots Nos. 3 and 4 in said block No. 176, and set aside one lot to Josie Custard and her brother and the other lot to Henry Flowers.

Some time after the execution of the partition deed, Josie Custard had a surveyor to go upon the ground and locate the boundaries of her property as described by lot and block number in said partition deed, and it was found that her line was far enough over on Henry Flowers' lot to take about 4 feet of

his house. Josie Custard contended for the land over to that line, and Henry Flowers brought this suit to reform said partition deed so as to make it convey the property according to the intention of the parties at the time of its execution.

The trial court said further: "My conclusion is that all the parties to said partition deed signed the same without noticing that the description by lot and block number varied from the description upon the ground, and that the description as given in said deed was as to all parties thereto a mutual mistake." In his judgment the court finds: "The court finds as a fact that in the partition * * * it was the intention of all parties to the said partition deed that Henry Flowers should receive in said partition all of that portion of block 176, which was inclosed in the fence of lot 3, out of said block; that said fence was thought to be the boundary line between lots 3 and 4 out of said block, and was accepted so to be by all parties to said partition." It will thus be observed the trial court found, in effect, that all parties interested in said partition' at the time they executed said partition deed understood that the fence between lots 3 and 4 was the dividing line between said lots, and so understood that lot 3, awarded to Flowers, extended up to said fence on the one side thereof, and that lot 4, awarded to Josie Custard and her brother, extended only to said fence on the other side, and the fact that the partition deed, as executed, placed the dividing line between said two lots 10 feet from said fence over on lot No. 3, was a mutual mistake, not intended by the parties at the time of the execution of said deed. There being no statement of facts in the record, the findings of the trial court must be accepted by this court as correct.

Plaintiff in error, in a very able argument and citation of authorities, contends, in effect, that the mistake, if there was such, was a unilateral mistake on the part of defendant in error alone, and that, as he built said fence bisecting the well some 20 years prior to the partition, he ought to have known said fence was not the line, and that he was guilty of such negligence as to preclude any equitable relief being granted to him. If defendant in error was seeking to set aside the partition deed on the ground of a unilateral mistake on his part as to the location of said dividing line, then the contention of plaintiff in error would be correct, and the case of Wheeler v. Holloway (Tex. Com. App.) 276 S. W. 653, and other cases cited by plaintiff in error, would be controlling; but the court found the mistake here involved to be a mutual mistake, and this is an equitable proceeding, not to set aside said partition deed, but to reform it so as to give it the effect all parties intended it to have. Under the facts as found by the trial court,

defendant in error was entitled to have said deed reformed, recognizing the fence as the dividing line, as all parties to said partition deed intended. Dunham v. Chatham, 21 Tex. 231, 73 Am. Dec. 228; Lott v. Kaiser, 61 Tex. 665; Kelley v. Ward, 94 Tex. 289, 60 S. W. 311; Silliman v. Taylor, 35 Tex. Civ. App. 490, 80 S. W. 651; Wilkins v. Dagle (Tex. Civ. App.) 265 S. W. 918, 923; Murphy v. Benson (Tex. Civ. App.) 245 S. W. 249. In the case of San Antonio National Bank v. McLane, 96 Tex. 48, 70 S. W. 201, our Supreme Court said:

"Mr. Pomeroy, in his work on Equity Jurisprudence (Volume 2, § 856), expresses the doctrine in this language: 'As a second requisite, it has sometimes been said in very general terms that a mistake resulting from the complaining party's own negligence will never be relieved. This proposition is not sustained by the authorities. It would be more accurate to say that, where the mistake is wholly caused by the want of that care and diligence in the transaction which should be used by every person of reasonable prudence, and the absence of which would be a violation of legal duty, a court of equity will not interpose its relief; but even with this more guarded mode of statement, each instance of negligence must depend to a great extent upon its own circumstances.' The text is well sustained by authority, and has been approved by this court in the following cases: Kelley v. Ward, 94 Tex. 289, 60 S. W. 311; City Bank of Houston v. First Nat. Bank of Houston, 45 Tex. 203; Alston v. Richardson, 51 Tex. 6."

The record shows that defendant in error is an ignorant old negro man; that he bought one of said lots in 1895 and the other in 1901, both said lots Nos. 3 and 4 lying side by side. More than 20 years ago he built the fence between said lots, which was afterwards considered as the dividing line. As to whether or not defendant in error, under all the circumstances, in considering said fence at the time of the partition the dividing line, acted as an ordinarily prudent man situated and circumstanced as he was would have done, was a question of fact for the trial court, which, in support of the judgment, we must presume the trial court found in favor of defendant in error. We overrule the above propositions.

Under her third proposition plaintiff in error contends that Monroe Howell, who was a party to said partition deed, was a necessary party to this suit, notwithstanding he had conveyed all the interest he acquired under said deed to plaintiff in error before this suit was filed, and that the trial court erred in overruling her plea in abatement raising the question here involved. The court found, in effect, that immediately after the execution of the partition deed Monroe Howell conveyed to his sister, plaintiff in error, all interest in the property involved which he acquired under said deed, and that, at the time this suit was filed, he had no interest in said property. We think plaintiff in error had full knowledge of all the facts in connection with the partition, and what she and her brother were getting under said deed, and what she was getting under the deed from Monroe to herself. As Monroe Howell had no interest in the property at the time the suit was filed, it necessarily follows the suit could in no way affect him. We think the court was correct in overruling the plea in abatement.

No reversible error being shown, the judgment of the trial court is affirmed.