J. D. WEAVER, Individually and as Independent Executor of the Estate of Zella N. Gray, Deceased, Appellant,

v.

FIRST NATIONAL BANK OF AMARILLO et al., Appellees.

No. 5481.

Court of Civil Appeals of Texas, Waco.

Jan. 15, 1976.

V. G. Kolius, Amarillo, for appellant.

Gibson, Ochsner, Adkins, Harlan & Hankins, Jewett E. Huff, Sanders, Saunders, Brian, Finney & Thomas, J. M. Pritchard, Amarillo, for appellees.

HALL, Justice.

On December 23, 1971, Mrs. Zella Nation Gray purchased a time certificate of deposit in the amount of $5,000.00 from the appellee, The First National Bank of Amarillo, Texas; and on May 17, 1972, Mrs. Gray purchased another from the bank in the amount of $3,000.00. Although the certifi-

cates were purchased with Mrs. Gray's separate funds, both are payable at maturity to "Zella N. Gray or Bessie Lee Gerken." Mrs. Gerken, appellee here, was Mrs. Gray's niece. Neither certificate contains a "right of survivorship" clause on behalf of Mrs. Gray and Mrs. Gerken.

Mrs. Gray died on May 21, 1973, at the age of 83 years. The appellant, J. D. Weaver, Mrs. Gray's son, was duly appointed and qualified as independent executor of her estate. He called upon the bank for payment of the certificates; but the bank, knowing of a claim on the funds by Mrs. Gerken, refused to pay. The appellant initiated this suit against the bank. Mrs. Gerken intervened, claiming the certificates on the ground that when they were issued Mrs. Gray intended that they should provide for rights of survivorship between the named payees, and that the failure of the certificates to do so was caused by a mutual mistake of fact or law between the bank's issuing representative and Mrs. Gray.

The case was tried to a jury. Answering four special issues, the jury found that Mrs. Gray and the bank's representative mutually agreed at the time of issuance of each certificate that it should provide a right of survivorship as between Mrs. Gray and Mrs. Gerken; and that the failure of the certificates to so provide was caused by "a mutual mistake on the part of" Mrs. Gray and the bank's representative. Judgment was rendered on the verdict reforming the certificates to provide for right of survivorship, and awarding them to Mrs. Gerken.

As grounds for reversal, the appellant contends (1) the trial court erred in permitting, over objection, parol evidence to alter and modify the unambiguous language of the certificates and engraft thereon a survivorship clause; (2) there is no evidence, or, alternatively, the evidence is factually insufficient, to support the jury's findings; and (3) any evidence of mutual mistake shows only a mistake of law by the bank's representative and Mrs. Gray, and a mistake of law will not support the equitable remedy of reformation granted by the

court. We overrule these contentions and affirm the judgment.

■ It is well established in Texas that where the parties to an instrument are in clear agreement as to the factual and legal result they wish to accomplish by it, but, by mutual mistake, the legal effect of the words they use does not produce that result, the case is a proper one for reformation of the instrument to make it conform to the antecedent intention of the parties; and parol proof is admissible to show the mistake and its mutuality. *Kelley v. Ward*, 94 Tex. 289, 60 S.W. 311, 313 (1901); *Miles v. Martin*, 159 Tex. 336, 321 S.W.2d 62, 67 (1959); *Estes v. Republic National Bank of Dallas* (Tex.Sup., 1970), 462 S.W.2d 273, 275.

■ On behalf of the bank, the transactions involving the issuance of the certificates of deposit, and their wording, were handled by Mrs. Earnestine Oakley. It was she who originally solicited and secured Mrs. Gray's banking business soon after Mrs. Gray moved to Amarillo from Colorado. Mrs. Gray considered Mrs. Oakley a "dear friend," referred to her as such to others, and relied upon her for business advice. Mrs. Oakley's testimony alone, although it is corroborated by other proof, is legally sufficient to support the questioned findings. Without detailing it, it reasonably shows that Mrs. Gray's purpose in purchasing the certificates in question was to "give something" to Mrs. Gerken; that she wanted the certificates issued and worded in a fashion that would assure immediate joint ownership and control thereof by her and Mrs. Gerken, and sole ownership by Mrs. Gerken in the event Mrs. Gray predeceased her; and that Mrs. Oakley believed the wording she used in the certificates accomplished these ends, and expressly told Mrs. Gray so in each instance. Her assurance satisfied Mrs. Gray. Of course, Mrs. Oakley was mistaken and, by her advice, led Mrs. Gray into the same mistake.

A review of the entire record convinces us that the jury's findings are not against

**418**

the great weight and preponderance of the evidence.

The appellant's points and contentions are overruled. The judgment is affirmed.