Western Union Telegraph Company v. J. M. Johnson.

Decided June 16, 1897.

1. Citation—Date of Filing Petition.

It was proper to refuse to quash a citation issued February 20th, on the day petition was filed, but which gave the date of filing as March 20th, the mistake being an obvious clerical error.

2. Delay of Telegram—Cause and Effect—Charge.

Where the court charged that to entitle plaintiff to recover it must appear that defendant's negligence as to delivery of the telegram prevented him from attending the funeral of his brother, it was not error, in the absence of specific request therefor, to fail to otherwise submit the question whether, if the message had been duly received, plaintiff would have gone to the funeral.

3. Same—Several Routes—Choice of Route.

Though there was more than one route possible and the message was received

too late for one but not for all, yet having charged that if plaintiff failed to use such diligence as a person of ordinary prudence would have employed, in order to attend his brother's funeral, he could not recover, it was not error to refuse a requested instruction that plaintiff could not recover if he could have arrived in time for the funeral by any route.

**4. Same—Charge on Evidence.**

A charge to find for defendant if plaintiff, after the delivery of the message, could, by any accustomed means of travel, have reached the place where his brother was buried in time for the funeral, was upon the weight of evidence.

**5. Proximate Cause—Act of Third Party.**

Defendant was not relieved of liability for its negligence because the sender of the message, being advised of the delay, refused to postpone the funeral until plaintiff's arrival, though he might have done so.

**6. Charge.**

A charge requested, though proper, may be refused where so written as not to be detached from others which should be refused.

APPEAL from Hill. Tried below before Hon. J. M. HALL.

*W. F. Ramsey,* for appellant.—1. It is indispensable that the citation shall state the date of the filing of plaintiff's petition, and this can not be arrived at by referring to the file mark on the original petition itself. Rev. Stats., art. 1214.

2. In every case where damages are claimed for failure to deliver a telegram, where it is claimed that the addressee was prevented, by the negligence of the company, from attending the funeral of a deceased relative, it is imperative that the issue should be submitted to the jury in clear and unequivocal terms, as to whether or not if such telegram had been received in time, such person would have attended such funeral. Tel. Co. v. May, 27 S. W. Rep., 760.

3. There being proof to the effect that appellee might have reached his brother by accustomed methods of travel, it was error in the court not to charge the jury, in effect, that if appellee, after receipt of said message, could have reached his brother by any usual means of travel, notwithstanding appellant might have been guilty of negligence in not delivering said message earlier, there could be no recovery. Tel. Co. v. Jeanes, 29 S. W. Rep., 1130; Tel. Co. v. Terrell, 30 S. W. Rep., 70.

4. The message announcing the dangerous sickness of appellee's brother having been sent by S. N. Fields, and the said Fields having received the notice on the same day, eighteen hours before the funeral, that appellee was en route to attend same, there being no reason shown why such funeral was not postponed, the failure of said Fields to postpone such funeral will be treated as the direct and approximate cause of the failure of appellee to be present thereat, and if not a complete defense, should in any event have been submitted to the jury in mitigation of damages.

*Tarlton, Morrow & Wear,* for appellee.

KEY, ASSOCIATE JUSTICE.—This is an action to recover damages for a failure to promptly transmit and deliver a telegraphic message notifying

appellee of the dangerous illness of his brother, Tom Johnson. Appellee's petition charged appellant with negligence both in the transmission and delivery of the message, and the court submitted both issues to the jury. The verdict is general for the plaintiff, and does not show whether the jury found one or both charges of negligence to be true. There is testimony, however, tending to sustain both, and in accordance with such testimony, and in support of the verdict, we find that appellant was guilty of negligence as charged; that appellee's brother, Tom Johnson, died the same day the message was sent, and was buried about 3 o'clock p. m. on the following day; that if appellant had exercised reasonable care and diligence in the transmission and delivery of the message it would have been received by appellee in time for him to and he would have gone from his home in Hillsboro, Texas, to Upshur County, Texas, where his brother died and was buried, before he was buried; that, because of such negligence on the part of appellant, appellee was prevented from attending the burial of his brother; and that $400, the amount of damages allowed him by the verdict, is not excessive.

This disposes of all the assignments that complain of the verdict.

Appellee's petition was filed February 20, 1896. The citation that was issued and served on appellant bore the same date, but it stated that the petition was filed March 20, 1896. Appellant moved to quash the citation on account of this discrepancy in dates, which motion was overruled, and, as we think, correctly so. As the citation was issued and served a month prior to March 20, 1896, and as the petition was filed February 20, 1896, it is obvious that a clerical error was committed and the word March written where February was intended.

As a prerequisite to appellee's right to recover, the court instructed the jury that they must find from a preponderance of the testimony that appellant was guilty of negligence as charged, and that such negligence prevented appellee from attending the burial of his brother. Therefore, it was not positive error, in the absence of a special request, not to submit to the jury whether or not, had the message been promptly transmitted and delivered, appellee would have gone at once to attend the funeral of his brother, because the charge given necessarily included a finding that he would. If, although the message had been delivered in time for him to have done so, he would not have gone to his brother's funeral, then of course the failure to deliver it within a given time did not prevent his going, and the charge required appellant's negligence to have that effect in order for appellee to recover. The charge was correct as far as it went, was not misleading, and if appellant desired it to be more elaborate or specific, a special charge covering the supposed defects should have been asked.

The most direct route by railroad from Hillsboro to Upshur County was over the Cotton Belt road, whose passenger trains left Hillsboro at 7:30 o'clock a. m. and 2 o'clock p. m. The telegram in question was not delivered to appellee until 4:20 p. m., and he started on the 7:30 train next morning, but did not arrive until after his brother was buried. There

was some testimony tending to show that there were two other routes, not so direct, but by which, if trains on different roads made schedule time, appellee might have reached Upshur County in time to attend the funeral. On that phase of the case the court instructed the jury as follows:

"You are further instructed, that if you believe from the evidence that the plaintiff himself failed to exercise that care or diligence to reach the place of the burial of his brother, after the receipt of the message, which a person of ordinary prudence would have done with the knowledge in his possession, and that such failure on his part prevented his reaching the place of burial before the body of his deceased brother was interred, then you will find for defendant."

Having given this instruction it was not error to refuse the special charges on the same subject asked by appellant; especially as the requested charges did not submit to the jury whether or not appellee was guilty of negligence in not going another route, but in effect told the jury that he was guilty of negligence if by traveling another route he could have reached his destination before his brother was buried.

Although the sender of the message to appellee may have known that appellee was coming on the next day, and though he, the sender, could have postponed the funeral until appellee arrived, still, his failure to do so was not chargeable to appellee and did not relieve appellant from liability for its negligence, and the court properly refused an instruction requested by appellant to the effect that such failure to postpone the funeral by the sender of the message would have that effect.

Appellant's first special charge, which the trial court declined to give, contained two paragraphs. The first paragraph contained positive error, because it was a comment on the weight of testimony. The second was properly refused, if for no other reason, because it was on the same paper and so connected with the first paragraph as that the jury could not take the latter with them without also taking the former. If appellant desired the court to rule on the two propositions of law separately, it should have embodied them in separate and distinct charges, so that one could have been given to the jury and taken by them to their room, and the other refused and withheld from their inspection.

Having considered all the assignments and found no reversible error, the judgment is affirmed.

*Affirmed.*