## WILLIAM CAMERON & Co. v. E. O. AND D. C. CATES.

### Decided February 17, 1900.

**Practice in Court of Civil Appeals—Writ of Error Dismissed.**

Where the questions presented in a cause brought up by writ of error could have been as effectively presented by plaintiffs in error by cross-assignments in another cause wherein they were appellees, and in which all the issues of the matter have been adjudicated, the writ of error will be dismissed.

ERROR from the County Court of Wise. Tried below before Hon. S. G. TANKERSLEY.

*Bullock & Tankersley,* for plaintiff in error.

CONNER, Chief Justice.—This case is in all substantial particulars the same as cause No. 3346, E. O. and D. C. Cates, appellants, v. E. Riley et al., appellees, this day decided by us, save that in the latter case William Cameron & Co. are appellees, and herein are plaintiffs in error, the writ of error having been sued out after the appeal in said cause No. 3346 had been duly perfected and the transcript filed in this court.

We think it unquestionably true that the questions herein presented might have been as effectively presented by plaintiffs in error by cross-assignments of error in cause No. 3346. Duren v. Railway, 86 Texas, 287; Brown v. Hudson, 14 Texas Civ. App., 605. Not having done so, we do not think they can be now heard on writ of error, under the circumstances with which we are now confronted. If such practice be indulged, the anomaly of diverse holdings as to the same judgment might arise, a condition evidently not contemplated in conferring the right to writ of error.

We have disposed of cause No. 3346 on its merits, and as was said, in effect, by this court in Railway v. Lacy, 7 Texas Civil Appeals, 64, we apprehend that no case will be found which will authorize us to again adjudicate issues fully presented to us on an appeal to which plaintiffs in error were parties. Hence the writ of error herein will be dismissed, and it is so ordered.

*Dismissed.*