**CRANFILL BROS. OIL CO. et al. v. STATE.**
**No. 2742.**

Court of Civil Appeals of Texas. El Paso.
Nov. 10, 1932.

Rehearing Denied Dec. 1, 1932.

Rutledge Isaacks and L. A. Dale, both of Pecos, for appellants.

H. E. Wassell, Co. Atty., of Wink, for the State.

HIGGINS, J.

This is a suit by appellee to recover state and county taxes for the year 1929, brought against Cranfill Bros. Oil Company, alleged to be a copartnership composed of T. B. Cranfill and B. E. Cranfill, Murko Oil & Royalty Company, a corporation, and others not necessary to mention.

It was alleged the taxes were assessed and levied against the mineral interest in four tracts of land in Winkler county, which tracts for the purpose of this opinion may be designated as tracts Nos. 1, 2, 3, and 4.

It was alleged the amount of delinquent state and county taxes against said mineral interests are as follows: Against tract No. 1, $1,115.71; against tract No. 2, $1.25; against tract No. 3, $65.52; against tract No. 4, $808.08. Then follows this tabulated statement:

| | |
|---|---|
| State ad valorem | $ 650.76 |
| County ad valorem | 765.60 |
| County road special | 574.20 |
| Penalty | 199.06 |
| Interest | 253.86 |
| Fees and costs | 16.00 |
| Total | $2,459.48 |

It was further alleged the Murko Oil & Royalty Company is now the record owner of the property and the other defendants claim some interest therein.

Judgment was rendered against Cranfill Bros. Oil Company, T. B. Cranfill, and B. E. Cranfill for the sum of $1,375.02, as taxes, interest, and penalties due upon tracts 1 and 2, and against T. B. Cranfill for $1,075.40 as the taxes, interest, and penalty due upon tracts 3 and 4.

The judgment forecloses the tax lien against the Murko Oil & Royalty Company and the other defendants.

The foreclosure portion of the decree segregates the different amounts against the different tracts as follows: Against tract No. 1, $1,373.44; against tract No. 2, $1.58; against tract No. 3, $80.66; against tract No. 4, $994.74.

The tracts were ordered sold separately for the amounts due against them. From the judgment rendered, all defendants appeal.

■ The court did not err in overruling the motion to quash the citation. The citation commanded the officer to summons the defendants, etc., "to answer plaintiff's first Amended Petition filed in said court on the 9th day of March A. D. 1932, in a certain suit No. 757, in which said suit," etc. "And you are further commanded to deliver to each of the above named defendants, in person, a true copy of this citation, together with a certified copy of plaintiff's said original petition."

Accompanying the citation was a copy of the first amended petition certified to be "a full, true and correct copy of Plaintiff's First Amended Original Petition in Cause No. 757, styled State of Texas v. Cranfill Bros. Oil Co. et al, filed in said court the 9th day of March, 1932."

In support of the motion to quash, it is urged that "the citation having directed and commanded the sheriff to serve each of the defendants with a certified copy of plaintiff's original petition, the sheriff was not authorized to serve the defendants with a certified copy of plaintiff's first amended original petition, and such service being without warrant of law was ineffective to require the defendants to answer."

The citation directed the defendants to answer the first amended petition filed March 9, 1932. The certified copy accompanying the petition and served upon the defendants was the first amended original petition. The defendants could not possibly have been misled as to which petition they were called upon to answer. The variance indicated by appellant's proposition is unimportant. The motion to quash was properly overruled. Pipkin v. Kaufman & Runge, 62 Tex. 545; W. U. Tel. Co. v. Johnson, 16 Tex. Civ. App. 546, 41 S. W. 367; Pruitt v. State (Tex. Civ. App.) 47 S. W. 553.

■ Furthermore, the record discloses defendants answered and announced ready for trial. No motion for continuance was made.

It is not contended the ruling upon the motion to quash in any wise contributed to the rendition of an improper judgment upon the merits, nor is there anything in the record to so indicate. Under such circumstances the error, if any, in overruling the motion, should be regarded as harmless. Boles v. Adams (Tex. Civ. App.) 173 S. W. 561.

■ Appellant excepted to the petition upon the ground of misjoinder, in that two of the properties described in the petition and upon which foreclosure is sought belonged to Cranfill Bros. Oil Company on January 1, 1929, and the other two properties belonged to T. B. Cranfill on said date and there is no showing that T. B. Cranfill is liable as to the first two properties and no showing that the company is liable as to the last two properties. The exception does not truly reflect the allegations as to tracts 3 and 4. The allegation was that T. B. Cranfill was "the record owner" thereof on January 1, 1929. It is immaterial who the record owner was on that date. The allegation was unnecessary and surplusage. An allegation later quoted shows that "Cranfill Brothers Oil Company, T. B. Cranfill and B. E. Cranfill" were the owners in fact on the date mentioned and personally liable.

Special exceptions 5, 6, and 7 were well taken, but the error in overruling same is harmless. Golden v. Odiorne, 112 Tex. 544, 249 S. W. 822.

■ The Murko Oil & Royalty Company is sued as "a corporation," but it was not alleged to be duly incorporated. Exception was taken to the petition because of the failure to so allege. The overruling of this exception presents no error. Houston Water-Works v. Kennedy, 70 Tex. 233, 8 S. W. 36; Texas & Pacific Ry. Co. v. Bufkin (Tex. Civ. App.) 46 S.W.(2d) 712. The ruling upon evidence complained of in the seventh proposition presents no error.

The order of the commissioner's court of Winkler county levying the county taxes sued for reads:

"On this, the 14th day of August, 1929, all members of the Court being present there came on for consideration the matter of fixing the County Tax Rate for the year 1929, and the said matter having been duly considered by this court and this court being of the opinion that the following rate be fixed as, and for the County tax rate for the year 1929, it is therefore ordered by the court that the same be fixed as follows, to-wit:

"General Fund twenty five cents on each $100.00 valuation.

"Jury Fund fifteen cents on each $100.00 valuation.

"Road and Bridge Fund fifteen cents on each $100.00 valuation.

"Permanent Improvement Fund twenty cents on each $100.00 valuation.

"Road Bond, Interest and sinking fund sixty cents on each $100.00 valuation.

"Cheyenne Common School District fifty cents on each $100.00 valuation.

"Kermit Independent School District $1.00 on each $100.00 valuation.

"Total $2.90 on each $100.00 valuation."

It is objected to this order that it is not "a levy of taxes but a mere fixing of certain rates of taxation."

In 3 Bouvier's Law Dictionary (Rawles' 3d Rev.) p. 3239, the term "tax levy" is defined to be: "The total sum to be raised by a tax. Also the bill, enactment, or measure of legislation by which an annual or general tax is imposed."

It is the legislative act, whether state or municipal, which lays the tax. Cooley on Taxation (2d Ed.) 324.

■ The order in question does not use the term "levy," but it "fixes" the county tax rate at "$2.90 on each $100 valuation" and apportions the same among the various funds. In our opinion the order was clearly intended as a tax levy, and such is its import and meaning. Its meaning could not be reasonably misunderstood, and it is a valid levy.

This view may be in conflict with Purington v. Broughton, 158 S. W. 227, decided by this court. That was an action in trespass to try title. Purington claimed under a tax collector's deed. The order levying the tax for which the land was sold is very similar to the one here involved. It was held the order did not constitute a levy, but this ruling was not strictly necessary to the decision, for the deed was also held to be invalid for noncompliance with other statutory provisions.

The only error disclosed by the record is that presented by the ninth proposition which complains of the personal judgment against T. B. Cranfill for the taxes assessed against tracts 3 and 4.

It is alleged that T. B. Cranfill was the record owner of these tracts on January 1, 1929. Later in the petition it is alleged: "That the defendants who plaintiff alleges are personally liable to pay said taxes, interest, penalty and costs, because of their being the owner of said lands, property and interests involved in this cause, on the 1st day of January, of the year for which said taxes were assessed and levied as shown on the schedule and exhibit hereinbefore referred to are as follows: 'Cranfill Brothers Oil Company, T. B. Cranfill and B. E. Cranfill.'"

The inventory of all the tracts, as rendered for taxation by Cranfill Bros. Oil Com-

pany, by their agent, shows that it was all owned by said company on January 1, 1929.

 The true owners of the property on that date, and against whom the taxes were assessed, were the ones personally liable for the tax for the year 1929. Articles 7151 and 7207, R. S.; Connell v. State (Tex. Civ. App.) 55 S. W. 980; Humble O. & R. Co. v. State (Tex. Civ. App.) 3 S.W.(2d) 559.

The fact that T. B. Cranfill was the record owner of tracts 3 and 4 on January 1, 1929, did not impose any personal liability upon him when it was further averred the "Cranfill Brothers Oil Co., T. B. Cranfill and B. E. Cranfill" were the owners thereof on January 1, 1929, and personally liable therefor, with prayer for "judgment against all persons shown by the evidence in this case to be personally liable for the taxes," and where the evidence shows such company to have been the owners on January 1, 1929.

The inventory and rendition made by such company establishes such ownership.

The error indicated will be here corrected. The judgment will be reformed by eliminating the recovery against T. B. Cranfill alone for the taxes against tracts 3 and 4, and recovery therefor is here awarded against T. B. Cranfill and B. E. Cranfill composing the partnership of Cranfill Bros. Oil Company.

Reformed and affirmed.