

# The Attorney General of Texas

August 31, 1978

JOHN L. HILL
Attorney General

Supreme Court Building
P.O. Box 12548
Austin, TX. 78711
512/475-2501

701 Commerce, Suite 200
Dallas, TX. 75202
214/742-8944

4824 Alberta Ave., Suite 160
El Paso, TX. 79905
915/533-3484

723 Main. Suite 610
Houston. TX. 77002
713/228-0701

806 Broadway, Suite 312
Lubbock, TX. 79401
806/747-5238

4313 N. Tenth, Suite F
McAllen, TX. 78501
512/682-4547

200 Main Plaza, Suite 400
San Antonio, TX. 78205
512/225-4191

An Equal Opportunity
Affirmative Action Employer

This Opinion
Overrules Opinic

C- 647

Mr. Thomas T. League
County Auditor
Smith County
Tyler, Texas

Opinion No. H- 1235

Re: Whether article 7044a, V.T.C.S., requiring the tax rate to be set on or before July 20 applies to counties.

Dear Mr. League:

You have asked if article 7044a, V.T.C.S., applies to counties. Article 7044a provides:

> Section 1. From and after January 1, 1966, all taxing authorities which use the services of the county tax assessor-collector, either to assess or collect taxes for such taxing authority, shall, on or before July 20 of each year, notify the county tax assessor-collector whose services are to be used by the taxing authority of the tax rate for the succeeding taxable year adopted by the taxing authority.

> Sec. 2. In the event any taxing authority using the services of the county tax assessor-collector for either assessing or collecting taxes of the taxing authority fails to notify the county tax assessor-collector of the tax rate adopted by the taxing authority, prior to July 20, as provided in Section 1 of this Act, the tax rate for the succeeding year shall be the tax rate for the preceding year, rather than the tax rate adopted by the taxing authority, and in no event shall a new tax rate be in force and effect unless notification of such tax rate is furnished the county tax assessor-collector prior to July 20 of each year.

> Sec. 3. In compiling the tax roll for a taxing authority using the services of the county tax assessor-collector, the county tax assessor-collector shall use

the rate furnished him by the taxing authority prior to July 20 of each year, or, in the event the county tax assessor-collector has not been furnished a new tax rate, the county tax assessor-collector shall use the tax rate adopted for the preceding taxable year by the taxing authority.

Shortly after the statute was enacted in 1965, Attorney General Opinion C-647 (1966) indicated that the provisions of the statute are applicable to counties. The opinion reasoned that the statute is applicable to "all taxing authorities which use the services of the county tax assessor-collector, either to assess or collect taxes for such taxing authority" and that since the county is a taxing authority which uses the services of the county tax assessor-collector, the county is required to meet the deadline established in the statute.  See also Attorney General Opinions H-849 (1976); C-753 (1966); C-701 (1966).

It is our view that Attorney General Opinion C-647 was not correctly decided. That opinion failed to consider the effect of other statutes relating to the time the county commissioners court establishes the tax rate. The most relevant statute is article 689a-11, V.T.C.S., which provides in part:

> The Commissioners' Court in each county shall each year provide for public hearing on the county budget — which hearing shall take place on some date to be named by the Commissioners' Court subsequent to August 15 and prior to the levy of taxes by said Commissioners' Court. . . . When the budget has been finally approved by the Commissioners' Court, the budget, as approved by the court shall be filed with the clerk of the county court and taxes levied only in accordance therewith. . . .

The phrase "levy of taxes" and variations thereof can have many different meanings, see Amaimo v. Carter, 212 S.W.2d 950 (Tex. Civ. App. — Beaumont 1948, writ ref'd n.r.e.); however, in this context, we believe it refers to the establishment of the tax rate. Article 689a-11 clearly contemplates that taxes will be levied only in accordance with the approved budget. We believe this expresses the intention of the legislature that the tax rate should not be established until the county has considered and adopted the budget.  See Victory v. State, 158 S.W.2d 760 (Tex. 1942) and Cranfill Bros. Oil Co. v. State, 54 S.W.2d 813 (Tex. Civ. App. — El Paso 1932, writ ref'd) which held that an order which does nothing more than to establish the tax rate is a tax levy.

Statutes which relate to the same subject matter are to be read and construed together, and any conflict between their provisions will be harmonized if possible. Standard v. Sadler, 383 S.W.2d 391 (Tex. 1964); State v. Standard Oil Co., 107 S.W.2d 550 (Tex. 1937); International Service Insurance Co. v. Jackson, 335

S.W.2d 420 (Tex. Civ. App. — Austin 1960, writ ref'd n.r.e.). A construction which concludes that a statute has impliedly repealed another is to be avoided if at all possible. Lasater v. Lopez, 217 S.W. 373 (Tex. 1919); Cole v. State, 170 S.W. 1036 (Tex. 1914); State v. Jackson, 370 S.W.2d 797 (Tex. Civ. App. — Houston 1963) aff'd 376 S.W.2d 341 (Tex. 1964). In this case, we believe the appropriate construction of article 7044a is that it was intended to apply to the various taxing authorities other than the county which utilizes the services of the county tax assessor and that no implied repeal of article 689a-11 was intended. See, e.g., V.T.C.S. 1042b, article 2351a-6; Education Code §§ 23.94, 130.121; Water Code §§ 51.595, 56.073. Accordingly, it is our opinion that the deadline for setting the tax rate established by article 7044a does not apply to counties. Attorney General Opinion C-647 is overruled.

## SUMMARY

A county is not required to set its tax rate on or before July 20.

Very truly yours,

JOHN L. HILL
Attorney General of Texas

APPROVED:

DAVID M. KENDALL, First Assistant

C. ROBERT HEATH, Chairman
Opinion Committee

jsn