**CITY OF DALLAS, Appellant,**

v.

**DEAN CARLTON, INC. et al., Appellees.**

**No. 20407.**

Court of Civil Appeals of Texas, Dallas.

Oct. 24, 1980.

Rehearing Denied Nov. 26, 1980.

John Kirby, Asst. City Atty., Dallas, for appellant.

Ron V. Berkowitz, Dallas, The Carlton Firm, for appellees.

Before GUITTARD, C. J., and ROBERTSON and STOREY, JJ.

GUITTARD, Chief Justice.

In this suit for delinquent ad valorem taxes assessed against an airplane, the trial

court rendered summary judgment for the owner on the ground that he was not named as owner on the city's assessment roll. The city appeals on the ground that failure to name the owner on the assessment roll did not render the assessment invalid in view of a specific provision in its charter that such a failure should not have that effect. The application and construction of this charter provision is the principal question before us. We hold that it is applicable and controlling. Consequently, we reverse and render judgment for the city on its motion for summary judgment, but remand to the trial court for determination of the amount.

The only taxes in question are those due the Dallas Independent School District, for which the City of Dallas acts as the assessing and collecting agency under article 1066b of the Texas Revised Civil Statutes (Vernon 1963). Taxes were assessed for the years 1975 to 1978 against Dean Carlton, Inc., a corporation of which Dean Carlton, the individual defendant, is the president and principal stockholder. The parties stipulated that in 1974 the corporation transferred title to the airplane to Carlton individually and that title has since remained in him. Suit was first brought against the corporation, but the city amended its petition and sought judgment against Carlton, who moved for summary judgment on the ground that he was not named as owner on the assessment rolls.

Carlton contends that a valid assessment is necessary to establish his liability and that the assessments for each of the years in question were void because of the city's failure to comply with article 7204 of the Texas Revised Civil Statutes, which specifies "[t]he manner and form for assessing property for taxation." Among the items enumerated in this statute is "[t]he name of the owner." He cites *Connell v. State*, 55 S.W. 980 (Tex.Civ.App.1900) as supporting the rule that an assessment is void if the owner's correct name is not given.

■ The charter provision relied on by the city is as follows:

If the director of revenue and taxation shall discover any real or personal property which was subject to taxation for any previous year, and which from any cause has escaped taxation for that year, he shall assess the same in a supplement to his next assessment roll at the same rate under which such property should have been assessed for such year, stating the year, and the taxes thereon shall be collected the same as other assessments; . . . Provided, that *a misnomer of or failure to name the owner in the assessment rolls shall not affect the validity of the assessment of any taxes;* . . . [Emphasis added.]

Carlton contends that this provision applies only to a misnomer in a supplemental assessment, rather than in an original assessment, since it is contained in the section under the title "supplemental assessment." We do not agree. Although we have found no authority on the point, we see no logical reason why a misnomer in the supplemental roll should stand on a different basis than one on the original roll. A more logical interpretation is that this provisions was included in the section concerning supplemental assessments to make clear that no supplemental assessment is required if the only irregularity in the original assessment is an erroneous statement of the owner's name.

■ Carlton also contends that if the quoted provision of Section 5 is applicable to original as well as to supplemental assessments, it cannot prevail over the contrary state law as declared in article 7204. We conclude that this argument, also, is untenable. In that connection we need not decide whether, as the city contends, article 7204 applies only to county tax assessments. That article, if applicable to the city, does not expressly provide that an assessment which fails to name the owner is wholly void. In our opinion, it may be reconciled with the quoted provision of section 5 of the charter on the theory that the failure to state the owner's name correctly is only an irregularity which does not affect the validity of the assessment.

Analogous questions have arisen under article 7171 of the Texas Revised Civil Statutes (Vernon 1960), which, in the case of real property, provides that property "shall be assessed to the owner" but that no assessment "shall be considered illegal by reason of the same not being listed or assessed in the name of the owner." This statute has been interpreted as meaning that listing of property in the name of a deceased former owner does not invalidate the assessment. *Victory v. State*, 138 Tex. 285, 158 S.W.2d 760 (1942). Admittedly, article 7171 does not govern the present case, but it illustrates the principle that a statutory requirement that property be assessed in the name of the owner does not necessarily mean that failure to do so renders the assessment void, particularly if there is an applicable provision of law expressing the contrary intent. Since the *Connell* case does not deal with that question, we do not regard it as authority for disregarding a charter provision which is not, on its face, contrary to the language of the statute.

For the reasons stated we hold that the assessment is not void, and since defendant Carlton admits that he was the owner of the property in the years in question, and has no other defense to the city's claim for taxes, it follows that the trial court erred in sustaining his motion for summary judgment and in overruling the city's motion.

The judgment of the trial court is reversed and judgment is here rendered sustaining the city's motion for summary judgment with respect to Carlton's liability for the taxes claimed. The cause is remanded to the trial court with instructions to determine the amount of taxes, penalties, and interest, and to render judgment accordingly.

Reversed and remanded with instructions.