

# THE ATTORNEY GENERAL
# OF TEXAS

December 31, 1986

JIM MATTOX
ATTORNEY GENERAL

Honorable Ray Farabee                   Opinion No.   JM-612
Chairman
Committee on State Affairs              Re:  Whether cooperative housing is
Texas State Senate                      entitled to the residence homestead
P. O. Box 12068                         tax exemption under article VIII,
Austin, Texas   78711                   section 1-b, of the Texas Constitu-
                                        tion and related questions

Dear Senator Farabee:

You ask the following two questions:

> 1.  Are the homes (and stock) of persons who
> live in cooperative housing entitled to the
> residence homestead tax exemption provided by
> article VIII, section 1-b, of the Texas Constitu-
> tion?  In a cooperative housing arrangement, the
> homeowners purchase stock in a nonprofit corpora-
> tion which is organized to provide housing to its
> members.  Title to the real estate, however, is
> held in the corporate name, and the homeowners
> obtain long-term leases from the corporation, but
> do not have title to any real property.

> 2.  Are these same homes and stock in coopera-
> tive housing eligible for protection from forced
> sale under article XVI, section 50, of the Texas
> Constitution, and section 41.002 of the Property
> Code?  Assume for both of these questions that the
> stockholder lives in the home as his primary
> residence and does not claim a different home as
> an exempt homestead.

We answer both your questions in the negative.  We will answer
each in turn.  For purposes of this opinion, we assume that the
nonprofit corporation providing the cooperative housing was organized
pursuant to article 1396-50.01, V.T.C.S., the Cooperative Association
Act.  Section 44 of the act exempts each association organized under
the act from the franchise tax, see also Tax Code §171.075, and from
license fees imposed by the state or by any political subdivision.
There is, however, no provision in the act which purports to exempt,
either partially or totally, the property of such associations from ad
valorem taxation.

Article VIII, section 1-b, of the Texas Constitution permits in some instances and requires in other instances the granting by taxing units of residence homestead exemptions from ad valorem taxation. Section 1-b itself does not define "residence homestead;" rather, it provides that "[t]he legislature by general law may define residence homestead for purposes of this section." Tex. Const. art. VIII, §1-b(c). The legislature defined the phrase in section 11.13 of the Tax Code and set forth the following in subsection (j):

> For purposes of this section, 'residence homestead' means a structure (including a mobile home) or a separately secured and occupied portion of a structure (together with the land, not to exceed 20 acres, and improvements used in the residential occupancy of the structure, if the structure and land and improvements have identical ownership) that:
>
> (1) is owned by one or more individuals;
>
> (2) is designed or adapted for human residence;
>
> (3) is used as a residence; and
>
> (4) is occupied as his principal residence by an owner who qualifies for the exemption. (Emphasis added).

Essentially, you first ask whether a person, otherwise qualified, may receive a residence homestead exemption in an instance in which the individual seeking the exemption does not own the structure upon which the exemption is sought; rather, the individual owns stock in a nonprofit corporation whose assets consist of the structure upon which the exemption is sought.

For two reasons, we conclude that ownership of stock in a corporation whose assets consist of a structure upon which the owner of the stock seeks an exemption is not an ownership interest sufficient to entitle the owner of the stock to claim an exemption on the corporation's assets. First, stock in corporations is not taxed in Texas. Article VIII, section 1, of the Texas Constitution provides in pertinent part that

> [a]ll real property and tangible personal property in this State, whether owned by natural persons or corporations, other than municipal, shall be taxed in proportion to its value, which shall be ascertained as may be provided by law. The Legislature may provide for the taxation of intangible property. . . .

Section 11.02(a) of the Tax Code provides in pertinent part, except as provided in a subsection not relevant here, that "intangible personal property is not taxable." Quite obviously, no ad valorem tax exemption can attach to property which is not taxed in the first place. Accordingly, no residence homestead ad valorem tax exemption can attach to stock in a corporation.

Second, irrespective of whether stock in a corporation is taxed, stock owners are not liable for taxes on the assets of a corporation. An ownership interest less than ownership in fee simple absolute may be sufficient to confer a tax liability. For example, conveyance of an interest in minerals conveys an interest in realty which is taxable in the hands of the grantee separately from the grantor's interest. Bashara v. Saratoga Independent School District, 163 S.W.2d 631 (Tex. 1942); Watkins v. Certain-Teed Products Corp., 231 S.W.2d 981 (Tex. Civ. App. - Amarillo 1950, no writ). A tenant in possession of a life estate possesses an interest which is taxable. Trimble v. Farmer, 305 S.W.2d 157 (Tex. 1957); State v. Vaughan, 319 S.W.2d 349 (Tex. Civ. App. - Austin 1958, no writ). An oil lease constitutes "real property" and is subject to taxation. Hager v. Stakes, 294 S.W. 835 (Tex. 1927); Big Lake Oil Co. v. Reagan County, 217 S.W.2d 171 (Tex. Civ. App. - El Paso 1948, writ ref'd). A vendee of land is considered the owner for purposes of taxation even though a vendor's lien is retained for the price. Harvey v. Provident Insurance Co., 156 S.W. 1127 (Tex. Civ. App. - Austin 1913, no writ).

On the other hand, a contingent remainder in property does not constitute a taxable title to real property. Tarrant County Water Supply Corp. v. Hurst-Euless-Bedford Independent School District, 391 S.W.2d 162 (Tex. Civ. App. - Fort Worth 1965, writ ref'd n.r.e.). Except as provided by section 25.07 of the Tax Code, a leasehold interest in real property is not subject to taxation. See Tax Code §§23.13, 25.06; Irving Independent School District v. Delta Airlines, Inc., 534 S.W.2d 365 (Tex. Civ. App. - Texarkana 1976, writ ref'd n.r.e.). See also Tax Code §25.02; Underwood v. Pigman, 32 S.W.2d 1102 holding approved (Tex. Comm'n App. 1932); Connell v. State, 55 S.W. 980 (Tex. Civ. App. 1900, no writ).

The corporation is liable for any ad valorem taxes imposed upon the assets of the corporation; an owner of stock in that corporation is not so liable. Thus, no tax exemption can be claimed by such an owner. Accordingly, no residence homestead ad valorem tax exemption can attach to stock in a nonprofit corporation, even if the assets of that corporation consist of cooperative housing. We next turn to whether a corporation may qualify as a residence homestead exemption claimant or whether only natural persons may qualify. We conclude that only natural persons may qualify.

First, it is clear from a reading of the relevant portions of the Tax Code that the legislature intended only natural persons and not corporations to be entitled to claim a residence homestead exemption.

The above-underscored portions of section 11.13(j) clearly evince legislative intent that only natural persons receive the exemption: subsection (j) requires that the structure be "owned by one or more individuals" and "is occupied as his principal residence by an owner who qualifies for the exemption." (Emphasis added). Subsection 11.13(b) confers an exemption from taxation by a school district to "an adult." Subsections (c) and (d) of section 11.13 confer a mandatory and a so-called "local option" exemption to "an individual who is disabled or is 65 or older." Subsection (h) prohibits "joint or community owners" from receiving the same exemption for the same residence homestead in the same year. See also Tax Code §11.41 (concerning the administration of exemptions where a person who qualifies for exemption is not the sole owner of the exempt property).

In contrast, it is instructive to examine the language employed by the legislature in setting forth ownership requirements for other exemptions from ad valorem taxation. Sections 11.18 and 11.20 employ the term "an organization." Sections 11.21 and 11.27 use "a person." Section 11.19 refers to a qualifying "association" of a very particular kind. And section 11.23 purports to confer exemptions to specified "organizations," "associations," "persons," and "corporations." Manifestly, the legislature chose such terms with care; if the legislature intended that corporations be entitled to residence homestead exemptions, it is reasonable to assume that the term "person" would have been used in defining "residence homestead" in section 11.13 rather than the term "individual."

There is a second, more compelling, reason to conclude that the legislature intended "individual" in section 11.13 of the Tax Code to reach only natural persons and not corporations. The constitution limits the homestead exemption to natural persons. The legislature may not broaden by statute the scope of an exemption beyond that which is conferred by the constitution and any attempt to do so is void. Tex. Const. art. VIII, §2; Dickison v. Woodmen of the World Life Insurance Society, 280 S.W.2d 315 (Tex. Civ. App. - San Antonio 1955, writ ref'd). If property comes within a statutory tax exemption, it can be exempt only because it clearly falls within the ambit of the constitution. State v. American Legion Post No. 58, 611 S.W.2d 720 (Tex. Civ. App. - El Paso 1981, no writ). We could not constitutionally construe section 11.13 to reach corporations.

Article VIII, section 1-b, of the Texas Constitution, the constitutional provision pursuant to which section 11.13 of the Tax Code was passed, unquestionably envinces legislative intent that only natural persons, and not corporations, be entitled to residence homestead ad valorem tax exemptions. Subsection (b) of section 1-b, which authorizes political subdivisions to grant the so-called "local option" residence homestead exemption codified in section 11.13(d) of the Tax Code imposes ownership requirements on "persons, married or unmarried, including those living alone . . ." and "married or unmarried persons sixty-five (65) years of age or older, including those

Honorable Ray Farabee - Page 5 (JM-612)

living alone. . . ." Subsection (b) permits by petition and referendum the granting of residence homestead exemptions of "disabled persons or of persons sixty-five (65) years of age or over. . . ." Subsection (c) of article VIII, section 1-b confers a residence homestead exemption for public school purposes to a "married or unmarried adult, including one living alone. . . ." It further authorizes the legislature to exempt a specified value of the residence homestead exemption of "a person who is disabled as defined in Subsection (b) of this section and of a person sixty-five (65) years of age or older. . . ." Throughout subsection (c), language such as "eligible disabled person" and "eligible disabled or elderly person" is employed. Other subsections also refer to natural persons. See, e.g., Tex. Const. art. VIII, §1-b, (d), (e).

It has been suggested that our answer to your first question implicitly overrules Attorney General Opinion M-632 (1970) which concluded that certain agricultural products in the physical possession of a cooperative marketing association were exempt from ad valorem taxation under article VIII, section 19, of the Texas Constitution which exempts, inter alia, "[f]arm products, livestock, and poultry in the hands of the producer." See also Attorney General Opinion H-938 (1977). The issue in Attorney General Opinion M-632 turned upon ownership of the property claimed to be exempt. Legal title to the property remained with the farmers; at no point did title pass to the marketing association itself. See Agriculture Code §§52.001 - 52.151 (successor statutes to now-repealed articles 5737 to 5764, V.T.C.S.). In the facts you submit, you claim that legal title to the property remains with the association and at no time passed to those owning stock in the association. In both Attorney General Opinion M-632 and in the instant case, tax exempt status depends upon ownership. In the instances of the above-mentioned farming cooperatives, title to property remained with the farmers. Ownership of the housing cooperative remains with a corporation. The conclusion we reach here in no way undermines the correctness of the earlier opinions.

Additionally, it is suggested that the conclusion we have reached would have the effect of denying to an owner of a condominium the right to receive a residence homestead exemption. Again, we disagree. An even cursory perusal of chapter 81 of the Property Code indicates that ownership of a condominium combines separate ownership of an individual apartment with common ownership of other elements. Property Code §§81.002, 81.104; see Dutcher v. Owens, 647 S.W.2d 948 (Tex. 1983). In the instant request, an owner of the stock possesses no estate in the property sought to be deemed exempt. It is clear that the framers of article VIII, section 1-b, intended that natural persons and not corporations be permitted to claim residence homestead exemptions from ad valorem taxation.

The law does not favor tax exemptions, since they are the antithesis of equality and uniformity. Hilltop Village, Inc. v.

Kerrville Independent School District, 426 S.W.2d 943 (Tex. 1968). Constitutional and statutory provisions creating them are to be construed narrowly with all doubts resolved against granting the exemption. City of Longview v. Markham-McRee Municipal Hospital, 152 S.W.2d 1112 (Tex. 1941). Accordingly, we conclude that neither the homes nor the stock of persons who live in cooperative housing is entitled to the residence homestead tax exemption provided by section 11.13 of the Tax Code and article VIII, section 1-b, of the Texas Constitution when title to the real estate is held in the name of the corporation and the owners of the stock obtain only long-term leases from the corporation but do not possess title to the real property upon which the exemption is sought.

With your second question, you ask whether these same homes and stock are eligible for protection from forced sale under section 41.002 of the Property Code and article XVI, section 50, of the Texas Constitution. For essentially the same reasons that we answered your first question in the negative, we answer your second question in the negative.

Article XVI, section 50, of the Texas Constitution provides the following:

> §50.  Homestead; protection form forced sale; mortgages, trust deeds and liens
>
> Sec. 50.  The homestead of a family, or of a single adult person, shall be, and is hereby protected from forced sale, for the payment of all debts except for the purchase money thereof, or a part of such purchase money, the taxes due thereon, or for work and material used in constructing improvements thereon, and in this last case only when the work and material are contracted for in writing, with the consent of both spouses, in the case of a family homestead, given in the same manner as is required in making a sale and conveyance of the homestead; nor may the owner or claimant of the property claimed as homestead, if married, sell or abandon the homestead without the consent of the other spouse, given in such manner as may be prescribed by law. No mortgage, trust deed, or other lien on the homestead shall ever be valid, except for the purchase money therefor, or improvements made thereon, as hereinbefore provided, whether such mortgage, or trust deed, or other lien, shall have been created by the owner alone, or together with his or her spouse, in case the owner is married. All pretended sales of the homestead involving any condition of defeasance shall be void. This

amendment shall become effective upon its
adoption. (Emphasis added).

Article XVI, section 51, of the Texas Constitution defines residence
homestead for purposes of protection from forced sale:

§51. Amount of homestead; uses

Sec. 51. The homestead, not in a town or city,
shall consist of not more than two hundred acres
of land, which may be. in one or more parcels, with
the improvements thereon; the homestead in a city,
town or village, shall consist of lot or lots
amounting to not more than one acre of land,
together with any improvements on the land;
provided, that the same shall be used for the
purposes of a home, or as a place to exercise the
calling or business of the homestead claimant,
whether a single adult person, or the head of a
family; provided also, that any temporary renting
of the homestead shall not change the character of
the same, when no other homestead has been
acquired. (Emphasis added).

Section 41.001 of the Property Code essentially tracks article XVI,
section 51, while section 41.002 essentially tracks the language of
article XVI, section 50.

Again, it is clear from even a cursory reading of the above-cited
provisions that only natural persons as opposed to corporations may
qualify for residence homestead protection from forced sale. See
Shepler v. Kubena, 563 S.W.2d 382 (Tex. Civ. App. - Austin 1978, no
writ). The public policy reasons for such a construction are clear.
Exemptions from forced sale were unknown to the common law and are
purely statutory creations. Pickens v. Pickens, 83 S.W.2d 951 (Tex.
1935). Under the common law, a debtor was deprived of all of his
property and then, frequently, imprisoned. Smith v. McBryde, 173 S.W.
234 (Tex. Civ. App. - San Antonio 1915, no writ). The purpose of
exemption laws is to afford protection to a person in the pursuit of a
lawful occupation and to assure to the family of the debtor the
shelter of a home, the means of securing a livelihood, and the
earnings of the head of the household. See, e.g., Rodgers v. Ferguson,
32 Tex. 533 (1870). Exemption laws were passed not merely for the
purpose of protecting the poor from creditors who would deprive the
debtor and his family of their means of subsistence, but also to
protect persons in the pursuit of legitimate occupations in order that
they do not become charges on the public. Gaddy v. First National
Bank, 283 S.W. 277 (Tex. Civ. App. - Beaumont 1923, no writ).

We are well aware that constitutional and statutory provisions
regarding homestead exemptions from forced sale for debt traditionally

have been liberally construed in order to effectuate their beneficent purposes. Andrews v. Security National Bank of Wichita Falls, 50 S.W.2d 253 (Tex. 1932); City of San Antonio v. Toepperwein, 133 S.W. 416 (Tex. 1911). We are unwilling, however, to do violence to the clear language of the provisions at issue. The language of the constitutional and statutory provisions appears to us to be plain and unambiguous and its meaning clear and obvious. We must, therefore, "enforce the statute as written and have no right to create or to find an ambiguity where none exists in order to call into play generally recognized rules which are used as aids to the construction of ambiguous statutes." Col-Tex Refining Co. v. Railroad Commission of Texas, 240 S.W.2d 747, 750 (Tex. 1951) (citations omitted). Our intrepretation must express

> only the will of the makers of the law, not forced
> nor strained, but simply such as the words of the
> law in their plain sense fairly sanction and will
> clearly sustain.

Railroad Commission of Texas v. Miller, 434 S.W.2d 670, 672 (Tex. 1968) (citation omitted). Accordingly, we conclude that, in the instance which you describe, the owners of the stock may not receive the benefit of article XVI, sections 50 and 51, of the Texas Constitution and sections 41.001 and 41.002 of the Property Code to claim on the homes which they lease the status of homesteads exempt from forced sale for debt.

### S U M M A R Y

> Neither the residence owned by the corporation
> nor the corporate stock owned by persons who live
> in cooperative housing is entitled to the resi-
> dence homestead tax exemption provided by section
> 11.13 of the Tax Code and article VIII, section
> 1-b, of the Texas Constitution or to the protec-
> tion afforded homesteads exempt from forced sale
> for debt.

Very truly yours,

JIM MATTOX
Attorney General of Texas

JACK HIGHTOWER
First Assistant Attorney General

MARY KELLER
Executive Assistant Attorney General

RICK GILPIN
Chairman, Opinion Committee

Prepared by Jim Moellinger
Assistant Attorney General